332 So.2d 235 (1976)
STATE of Louisiana
v.
Nolan John BOURG.
No. 57263.
Supreme Court of Louisiana.
May 17, 1976.
Prentiss B. Cox, Houma, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Norval J. Rhodes, Dist. Atty., William G. Yates, Asst. Dist. Atty., for plaintiff-appellee.
DENNIS, Justice.
Defendant Bourg was charged by bill of information with possession with intent to distribute marijuana, in violation of La. R.S. 40:966A(1). He was convicted and sentenced to serve two years imprisonment. This appeal is based on one assignment of error, which was reserved when the trial court refused defendant's motion to suppress the marijuana seized at the time of his arrest.
At the hearing on the motion to suppress, the arresting officers testified on behalf of the State while the defendant, the person with him at the time of his arrest, and another friend who had been in defendant's car shortly before the arrest, testified for the defense. According to the testimony of the arresting officers, on the morning of January 12, 1973, at approximately 12:30-1:00 A.M., they were on a routine patrol of the stores in Montegut, Louisiana, when they noticed a car travelling away from town at an excessive rate of speed. It had been snowing and the roads were icy, so the officers began following the car.
The deputies testified that the car turned onto a bridge after leaving Montegut and fishtailed several times. At that point, the police vehicle's flashing light was turned on, and the defendant pulled over to the side of the road. Defendant and the person with him alighted from the car, and one of the officers asked defendant for his driver's license. The defendant responded that his license was in the front seat of the car, and the officer asked him to get it. Deputy Johnson followed the defendant to his car, and, according to the officer's testimony, *236 shined his flashlight into the vehicle to help defendant find his wallet when he realized defendant was "fumbling around" looking for it.
Deputy Johnson stated that he inadvertently saw by the illumination of his flashlight a cellophane bag containing green vegetable material lying on the floorboard. He asked what was in the bag, and the defendant stated, "pot." Then the officer arrested defendant and seized the evidence.
Under the well-established "plain view" doctrine, "* * * objects falling in the plain view of an officer who has a right to be in the position to have that view are subject to seizure and may be introduced in evidence. * * *" Harris v. United States, 390 U.S. 234, 236, 88 S.Ct. 992, 993, 19 L.Ed.2d 1067 (1968). Such evidence is not the product of a search, and therefore its introduction into evidence does not offend the Fourth Amendment to the United States Constitution or Article 1, § 5 of the Louisiana Constitution of 1974. Coolidge v. New Hampshire, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971); State v. Hargiss, 288 So.2d 633 (La. 1974).
The trial judge in the instant case accepted the testimony of the arresting officers as to what transpired before defendant was arrested, and concluded from these facts that the plain view rule was applicable. Although the defense witnesses contradicted the testimony of the arresting officers, and although on some of the details of the incident the officers contradicted one another in their testimony,[*] we conclude that the trial court did not abuse its discretion in accepting the officers' testimony. Moreover, we conclude that Officer Johnson was in a place where he had a right to be at the time he saw the marijuana on the floorboard of the car and that the evidence was therefore in plain view. Thus, the trial court properly allowed the evidence to be introduced and did not err in refusing the motion to suppress.
For the reasons assigned, defendant's conviction and sentence are affirmed.
NOTES
[*] Officer Delaune, who accompanied Officer Johnson at the time he arrested defendant, testified that Johnson had checked the vehicle's inspection sticker before he shined the flashlight in defendant's car. Johnson testified that neither he nor Delaune checked defendant's inspection sticker. They also disagreed as to where there was a dome light working in defendant's car at the time of the arrest.