438 So.2d 648 (1983)
STATE of Louisiana, Respondent,
v.
William C. KNOWLES, Relator.
No. 15552-KW.
Court of Appeal of Louisiana, Second Circuit.
September 20, 1983.
Writ Denied November 28, 1983.
Rankin, Yeldell, Herring & Katz by Charles R. Herring, Jr., Bastrop, for relator.
William J. Guste, Atty. Gen., Baton Rouge, Johnny C. Parkerson, Dist. Atty., Monroe, Ellen R. Eade, Asst. Dist. Atty., Bastrop, for respondent State of La.
Before PRICE, HALL and SEXTON, JJ.
PRICE, Judge.
In this writ application, William Knowles is seeking review of a denial of his motion to suppress. He is charged with Possession of Marijuana in violation of La.R.S. 40:966. *649 He seeks to suppress the marijuana cigarettes which were found in his possession on a traffic violation stop. We granted defendant's application to permit us to review the evidence presented on the trial of the motion to suppress. After full review of the evidence presented, we find no error in the trial court denial of defendant's motion and recall the writ previously granted for the reasons assigned.

FACTS
Defendant Knowles was stopped by the police for speeding and running two stop signs. As the police approached, Knowles got out of his car. When the officers were standing four to five feet away from the defendant, they viewed a partially burned, hand-rolled cigarette stuck to the defendant's trousers. After seizing the cigarette, Officer Owens closely examined it and determined that it contained marijuana. The defendant was arrested on a charge of Possession and his car was driven to the police station with defendant's permission by one of the officers. During this drive, one cigarette and four partially burned cigarettes containing marijuana were found in the vehicle.
The defendant contends that the initial seizure of the marijuana cigarette which was stuck to his clothing was illegal, since the officers could not determine upon sight whether the white paper contained marijuana. The defendant further contends that the subsequent discovery of additional evidence upon entry into his vehicle resulted directly from his initial seizure and illegal arrest and the evidence discovered should therefore be suppressed as evidence.
A search and seizure conducted without a warrant is presumed unreasonable unless it is justified by one of the narrowly drawn exceptions to the warrant requirement. Coolidge v. New Hampshire, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971); State v. Hernandez, 410 So.2d 1381 (La.1982); State v. Banks, 363 So.2d 491 (La.1978). After the defendant makes an initial showing that a warrantless search occurred, the burden of proof shifts to the state to affirmatively show that the search is justified under one of the narrow exceptions to the rule requiring a search warrant. State v. Hernandez, supra.
In the instant case, the defendant was not arrested at the time that the officer seized the evidence from the defendant's clothing. The evidence was not seized during a search incident to an arrest. The only possible justification for the initial warrantless seizure of the marijuana cigarette from the defendant's clothing is that it was in plain view and exigent circumstances were present.
In order for a warrantless seizure to come under the plain view rule, three conditions must be satisfied: (1) there must be a prior justification for an intrusion into a protected area; (2) in the course of which evidence is inadvertently discovered; and (3) where it is immediately apparent without close inspection that the items are evidence or contraband. State v. McGary, 397 So.2d 1305 (La.1981); State v. Rodriguez, 396 So.2d 1312 (La.1981).
The first two requirements of this rule are present under the facts of this case. The officers were justified in stopping the defendant for traffic violations and in requesting that the defendant step outside of his car. The portion of the hand-rolled cigarette which was stuck to the defendant's clothing was inadvertently discovered by the officers during the course of this stop. At issue is the third requirement of whether it was immediately apparent to the officers without close inspection that the object on the defendant's clothing was contraband.
In support of his argument that the plain view doctrine is not applicable under the facts of this case, defendant relies on State v. Varnell, 410 So.2d 1108 (La.1982), State v. Pomes, 376 So.2d 133 (La.1979), State v. Davis, 359 So.2d 986 (La.1978), and State v. Meichel, 290 So.2d 878 (La.1974).
Although these cases concerned whether seizure of contraband evidence without a warrant was justified under the plain view *650 doctrine, the primary focus was on the reasonableness of the initial stop of the defendant by the arresting officer. They therefore are distinguishable from the instant case as there is no question that the arresting officers had probable cause to stop the defendant for the traffic violations.
We find the recent U.S. Supreme Court decision in Texas v. Brown, ___ U.S. ___, 103 S.Ct. 1535, 75 L.Ed.2d 502 (1983) controlling and that applying the analysis of Brown to the instant case, the partially burned marijuana cigarette, though sheathed in paper, was properly seized as contraband by the officers who were trained in the area of marijuana detection. In Brown an officer stopped the defendant at a routine driver's license checkpoint. While waiting to see the driver's license, the officer shined a flashlight into the dark car and saw an opaque, green party balloon knotted near the tip, fall from the driver's hand to the seat. The officer then focused the light on the glove compartment where the defendant was searching for his wallet. The officer saw plastic vials, loose white powder, and an open bag of party balloons in the glove compartment. When Brown could not locate his driver's license, the officer ordered him out of the car and seized the green balloon from the seat. The officer noticed a powdery substance within the tied-off portion of the balloon.
As a result, Brown was subsequently arrested and tried for unlawful possession of heroin. The defendant's conviction was reversed by the Texas Court of Criminal Appeals on the ground that the evidence should have been suppressed because it was obtained in violation of the Fourth Amendment. The state's argument that the plain view doctrine applied was rejected by the Texas Appellate Court on the basis that the contraband substance which was inside the balloon was not "immediately apparent" to the officer. The U.S. Supreme Court reversed the ruling of the Texas Court of Criminal Appeals upon finding that the seizure of the balloon by the officer was proper. The court found that because of the officer's experience in narcotics arrests through which he became aware that balloons were frequently used to carry drugs, the officer possessed probable cause to believe that the balloon contained an illicit substance in this instance. The Court stated at 103 S.Ct. 1543 as follows:
The fact that Maples could not see through the opaque fabric of the balloon is all but irrelevant; the distinctive character of the balloon itself spoke volumes as to its contentsparticularly to the trained eye of the officer.
Justice Powell in a concurring opinion writes at 103 S.Ct. page 1545 as follows:
Even if it were not generally known that a balloon is a common container for carrying illegal narcotics, we have recognized that a law enforcement officer may rely on his training and experience to draw inferences and make deductions that might well elude an untrained person. United States v. Cortez, 449 U.S. 411, 418, 101 S.Ct. 690, 695, 66 L.Ed.2d 621 (1981). We are not advised of any innocent item that is commonly carried in uninflated tied off balloons such as the one Office Maples seized.
And finally, Justice Stevens with Justice Brennan and Justice Marshall joining (concurring in the judgment), writes:
This Court reverses, holding that even though the contents of the balloon were not visible to the officer, incriminating evidence was immediately apparent because he had probable cause to believe the balloon contained an illicit substance. I agree with the Court that contraband need not be visible in order for a plain view seizure to be justified. I therefore concur in the conclusion that the Texas Court interpreted the Fourth Amendment more strictly than is required.
We have not been referred to and are not aware of any Louisiana Supreme Court decisions on the issue under consideration since Texas v. Brown was rendered. The decisions of the Louisiana Supreme Court prior to Brown vacillated on how narrowly the plain view doctrine should be applied. See State v. Jackson, 263 La. 849, 269 So.2d 465 (1972); State v. Bourg, 332 So.2d 235 *651 (La.1976) and State v. Braud, 357 So.2d 545 (La.1978); upholding seizures under circumstances somewhat analogous to Brown. Also see State v. Pomes, 376 So.2d 133 (La.1979), which found a seizure was not justified under the plain view doctrine where it was not immediately apparent to an officer who seized a foil wrapped pill bottle that contraband was contained inside.
The thrust of defendant's argument is that the contraband was not in full view as it was completely concealed in a cigarette paper which could just as well have contained tobacco as marijuana. He contends that Brown holds that a warrantless seizure of a container containing contraband is impermissible if the container is normally used in connection with legal substances and therefore it could not be immediately apparent to the officers that the container concealed contraband.
This is not our understanding of the majority opinion. The court in Brown has rejected the requirement that the contents of a suspicious container be "immediately apparent" to an officer for application of the plain view doctrine and has adopted a more flexible standard. We quote the courts discussion of this issue from Texas v. Brown, Supra, 103 S.Ct. at pages 1542 and 1543, as follows:
In Colorado v. Bannister, 449 U.S. 1, 3-4, 101 S.Ct. 42 at 43-44, 66 L.Ed.2d 1, we applied what was in substance the plain view doctrine to an officer's seizure of evidence from an automobile. Id., at n. 4. The officer noticed that the occupants of the automobile matched a description of persons suspected of a theft and that auto parts in the open glove compartment of the car similarly resembled ones reported stolen. The Court held that these facts supplied the officer with "probable cause," id., at 4, 101 S.Ct., at 43, and therefore, that he could seize the incriminating items from the car without a warrant. Plainly, the Court did not view the "immediately apparent" language of Coolidge as establishing any requirement that a police officer "know" that certain items are contraband or evidence of a crime. Indeed, Colorado v. Bannister, supra, was merely an application of the rule, set forth in Payton v. New York, 445 U.S. 573, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980), that "[t]he seizure of property in plain view involves no invasion of privacy and is presumptively reasonable, assuming that there is probable cause to associate the property with criminal activity." Id., at 587, 100 S.Ct. at 1380 (emphasis added). We think this statement of the rule from Payton, supra, requiring probable cause for seizure in the ordinary case, is consistent with the Fourth Amendment and we reaffirm it here.
As the Court frequently has remarked, probable cause is a flexible, commonsense standard. It merely requires that the facts available to the officer would "warrant a man of reasonable caution in the belief," Carroll v. United States, 267 U.S. 132, 162, 45 S.Ct. 280, 288, 69 L.Ed. 543 (1925), that certain items may be contraband or stolen property or useful as evidence of a crime; it does not demand any showing that such a belief be correct or more likely true than false. A "practical, nontechnical" probability that incriminating evidence is involved is all that is required....
In applying the rationale of Brown to the instant case, the critical question is whether the officers could have had a reasonable suspicion that the partially burned cigarette paper in plain view on defendant's trousers when he stepped from his automobile contained the contraband substance marijuana. Both officers testified that the object which they observed was a short, fat cigarette about one quarter inch in length. It was burned on one end and had a leafy substance in it. They both testified they had completed a course in dangerous drug detection. One of the officers had eleven years police experience and had participated in narcotics investigations and arrests which resulted in marijuana convictions. Both officers testified that the appearance of the hand-rolled cigarette seized from defendant *652 was characteristic of the usual appearance of a marijuana cigarette.
Considering the totality of the circumstances surrounding the seizure and since exigent circumstances were present as defendant could have disposed of the evidence before a warrant could be issued, we find the warrantless seizure was permissible in this instance.
For the foregoing reasons, the writ is recalled and this case is remanded to the trial court for further proceedings.