SEXTON, Judge.
Defendant, Gregory Williams, pled guilty to one count of attempted possession of cocaine, a Schedule II controlled dangerous substance. Defendant was sentenced to two years at hard labor for this offense. However, this sentence was suspended and the defendant was placed on one year of supervised probation. The defendant now appeals his conviction and sentence asserting two arguments relating to the search of his vehicle. We affirm.
At approximately 1:40 a.m. on June 14, 1991, Shreveport police officers responded to a complaint of a fistic encounter at 630 Commerce Street in downtown Shreveport on the riverfront. The officers arrived at the scene to find a fight involving a large number of people where various objects, such as rocks and bottles, were being thrown.
Ron Ellis, a Shreveport police officer, heard gunshots fired and saw the flash of a gun in a small group of five or six people. Officer Ellis took cover and watched as two of the group ran in the direction of a railroad bridge crossing the river. After calling for assistance, Officer Ellis began chasing the two suspects. The officer then heard additional shots fired from the direction of the bridge where the suspects had run, though he saw no gun flash.
One of the two men, later identified as Daniel Howard, ran from the bridge toward Commerce Street. Officer Ellis was in close pursuit when Howard jumped into the back of a red four-door vehicle, which began to speed away. Daniel Howard was in the back seat of the automobile, behind *718 the driver, Gregory Williams, the defendant in this case. Officer Ellis then radioed to an Officer Bodie, who was in the vicinity, that the suspect had entered a red vehicle which was heading down Commerce Street. Officer Ellis then continued his pursuit of the vehicle.
Officer Bodie was able to stop the vehicle at the intersection of Lake and Commerce Streets. Officer Ellis, who had never lost sight of the vehicle, arrived at the scene moments later. The officers then ordered the five occupants to exit the vehicle and lie face down on the ground. A pat down search was conducted on each suspect; however, no weapons were found. At or about the same time the suspects were patted down, Officer Ricky Scroggins arrived at the scene. Officer Ellis informed Officer Scroggins to cheek the vehicle to see if he could locate a weapon.
Officer Scroggins then began to search the vehicle. Officer Scroggins noticed there was a red rag which was wadded up on the front seat. The officer then picked up the red rag in order to determine if there was a weapon under the rag. There was no weapon under the rag, but there was a brown pill bottle. Officer Scroggins picked up the pill bottle and could see what appeared to be three white rocks of cocaine. The officer then opened the pill bottle and discovered that it contained three rocks of cocaine. Officer Scroggins then notified the other officers that narcotics had been found.
Officer Scroggins then completed the search of the vehicle. In the ashtray in the rear seat, the officer found a plastic aspirin box. When opened, this box contained seven more rocks of cocaine. Officer Bodie and Officer Ellis then arrested the subjects. An inventory search of the vehicle was later performed and a .22 caliber rifle with a sawed-off stock was found in the trunk.
On August 28, 1991, defendant filed a motion to suppress the cocaine found in his vehicle alleging these objects were obtained by an unconstitutional search and seizure and without probable cause. A motion to suppress hearing was held on September 26, 1991, at which time the trial court denied the defendant’s motion to suppress. Thereafter, the defendant entered a plea of guilty to attempted possession of crack cocaine pursuant to North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), and reserved his right to appeal the denial of his motion to suppress pursuant to State v. Crosby, 338 So.2d 584 (La.1976). Defendant now appeals the trial court’s denial of his motion to suppress.
On appeal, the defendant challenges the trial court’s determination that the circumstances warranted a full search of the instant vehicle under the mobility doctrine of Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925). Defendant further contends that the officers did not have probable cause to open the brown pill bottle when they were looking for a weapon. Defendant contends probable cause was lacking to believe that the containers contained weapons or contraband. Defendant asserts the officer exceeded the scope of a proper search for a weapon. Defendant contends that mere suspicion was not sufficient to open the pill bottle and that a search warrant should have been secured prior to opening the bottle. Therefore, defendant contends the cocaine should have been excluded from evidence since it was obtained from an unconstitutional and war-rantless search of his car.
LSA-C.Cr.P. Art. 215.1 authorizes a police officer to stop a person in a public place for questioning when he reasonably suspects that person is committing, has committed, or is about to commit a criminal offense. These principles are also applicable to an investigatory stop of an automobile. See State v. Colvin, 494 So.2d 1357 (La.App.2d Cir.1986), writ denied, 497 So.2d 311 (La.1986).
In the instant case, there is no doubt that Officer Ellis had a reasonable suspicion to stop the vehicle that the defendant was driving. Officer Ellis had observed Daniel Howard in a group where gunshots had been fired. The officer then pursued the suspect in the direction of the bridge when he heard more gunshots. Officer Ellis was *719 still chasing Howard when he jumped into a four-door red vehicle, driven by the defendant, which began to speed away.
Having determined that the police had reasonable grounds to pursue the vehicle, we must next address the legality of the warrantless search of the car after it was finally stopped. The Fourth Amendment of the United States Constitution and LSA-Const. Art. 1, § 5 prohibit unreasonable searches and seizures. A warrantless search is unreasonable unless the search can be justified by one of the narrowly drawn exceptions to the warrant requirement. Schneckloth v. Bustamonte, 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973); State v. Tatum, 466 So.2d 29 (La.1985). The state bears the burden of proving that one of these exceptions applies. Coolidge v. New Hampshire, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971); State v. Roberds, 393 So.2d 715 (La.1981). The automobile exigent circumstances exception is a long recognized exception to the warrant requirement. Chambers v. Maroney, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970); Carroll v. United States, supra; State v. Chaney, 423 So.2d 1092 (La.1982). Probable cause to search exists when the totality of the circumstances allows the conclusion that there is a fair probability that contraband or evidence of a crime will be found in a particular place. State v. Wells, 593 So.2d 465 (La.App.2d Cir.1992), citing Illinois v. Gates, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983).
In the instant case, Officer Ellis, answering a. disturbance call, observed Daniel Howard run from an area and from a group of people where gunshots were fired. In pursuing this individual, Officer Ellis heard additional shots and observed the same individual jump into the rear of the instant red four-door vehicle, which sped away. Clearly, Officer Ellis had reasonable suspicion to believe that contained in this vehicle was an individual who had recently discharged a firearm on one and perhaps two occasions.
The search of the vehicle can also be justified as a limited,- self-protective search pursuant to an investigatory stop. LSA-C.Cr.P. Art. 215.1; Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). Officer Ellis testified that once the car had been stopped, the occupants of the vehicle were not very cooperative. Officer Ellis also stated that the individuals were within reach of the vehicle at the time the pat down search was conducted. Under these circumstances, the officers were clearly authorized to search the vehicle to prevent the suspects from arming themselves with a weapon.
Finally, we consider whether or not Officer Scroggins exceeded the scope of his authority to search the car for a weapon when he opened the pill bottle. If probable cause justifies the search of a lawfully stopped vehicle, it justifies the search of every part of the vehicle and its contents that may conceal the object of the search. United States v. Ross, 456 U.S. 798, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982). While Officer Scroggins testified that he did not think he was going to find a weapon in the pill bottle, the search of this pill bottle can be justified under the plain view exception to the warrant requirement. Simply put, the officer was in a place where he had a right to be when he made the pertinent observation.
Traditionally, three requirements had to be satisfied for a warrantless seizure to come under the plain view exception: (1) there must be prior justification for an intrusion into the protected area; (2) in the course of which evidence is inadvertently discovered; and (3) it must be immediately apparent without close inspection that the items are evidence or contraband. Coolidge v. New Hampshire, supra; State v. Hernandez, 410 So.2d 1381 (La.1982). The first two requirements of the plain view exception are clearly present under the facts of this case. The officers were justified in stopping the defendant’s vehicle and searching the interior for weapons. Officer Scroggins was looking for a gun when he inadvertently discovered the crack cocaine in the pill bottle. At issue is the third, or “immediately apparent” requirement of the plain view doctrine.
*720 As we previously pointed out in State v. Knowles, 438 So.2d 648 (La.App.2d Cir.1983), writ denied, 442 So.2d 458 (La.1983), the “immediately apparent” requirement was clarified and explained in Texas v. Brown, 460 U.S. 730, 103 S.Ct. 1535, 75 L.Ed.2d 502 (1983).
The Brown case involved the seizure of a green balloon filled with heroin subsequent to a vehicle stop. The seizure was upheld under the plain view doctrine. In Brown, the United States Supreme Court explained that the origin of the phrase “immediately apparent” in Coolidge v. New Hampshire, supra, was an “unhappy choice of words.” The court explained that “immediately apparent” was better stated as simply probable cause to believe that the items in question contained contraband. The court found that because of the officer’s experience in narcotics arrests through which he became aware that balloons were frequently used to carry drugs, the officer possessed probable cause to believe that the balloon contained an illicit substance.
Therefore, relying on the Brown case in Knowles, we upheld the warrantless search resulting in the seizure of a marijuana cigarette stuck to the defendant’s trousers as he was ordered out of his car after being stopped for speeding. Just as in Brown, the seizure was determined to be valid under the plain view exception to the warrant requirement even though the officers could not determine immediately by sight that the contents inside the paper were contraband.
It appears that Officer Scroggins was unable to see clearly what was in the bottle, but he was able to see what, in his experience, indicated that the substance was likely to be crack cocaine. The officer then opened the pill bottle to verify his suspicion that it contained crack cocaine. It is apparent that Officer Scroggins had probable cause to open the pill bottle. Hence, the third prong of the plain view doctrine is satisfied and the search and seizure of the crack cocaine in the brown pill bottle was valid. Of course, once the officers found the crack cocaine in the brown pill bottle, probable cause existed to search the aspirin box found in the ashtray in the backseat. Therefore, the trial court did not err in denying defendant’s motion to suppress.
For the foregoing reasons, defendant’s conviction is affirmed.
AFFIRMED.