816 P.2d 342

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Jonna Rae WILLIAMS, Defendant–Appellant.**

**No. 18737.**

Supreme Court of Idaho,
Pocatello, May 1991 Term.

Aug. 15, 1991.

Hart & Kohler Law Offices, Idaho Falls, for appellant. Jay A. Kohler argued, Idaho Falls.

Larry J. EchoHawk, Atty. Gen., Myrna A.I. Stahman, Deputy Atty. Gen., Boise, for respondent. Myrna A.I. Stahman argued, Boise.

McDEVITT, Justice.

The issue we confront in this case is the admissibility of evidence seized by police from the defendant's vehicle without a warrant.

On March 10, 1989, the defendant, Jonna Williams, was stopped south of Blackfoot on Interstate 15. The police searched her car and her purse and found methamphetamines, marijuana, a gun, cash, and a book containing names, addresses, and figures. She was arrested and charged with two counts of possession with intent to deliver.

Prior to her arrest, the Bureau of Narcotics, State of Idaho, Department of Law Enforcement, initiated an investigation into the defendant's involvement in drug trafficking. To aid in this investigation, a confidential informant (C.I.) was solicited. The C.I. was first contacted on March 7, 1989.

The C.I. provided information to Special Agent Cloyce Corder that the defendant would be traveling from Boise to Idaho Falls on March 10, carrying controlled substances. The C.I. further stated that the defendant would be traveling in a yellow Subaru station wagon with her two children, and would be carrying a gun. To corroborate this information, the officers showed the informant a picture of the defendant and the informant identified her. They ran a driver's license and registration check on the defendant and it showed that she did own a 1979 yellow Subaru station wagon.

On March 10, at approximately 6:35 p.m., the C.I. informed Agent Corder that the defendant had telephoned from Jerome, Idaho, and was on her way to Idaho Falls. Surveillance teams were set up on the routes leading into Idaho Falls. The defendant's vehicle was observed outside of Pocatello, heading towards Idaho Falls, and she was followed and observed. Other officers were requested to drive to that area, and the defendant was stopped on Interstate 15 in Bingham County. Approximately eight to ten officers were at the scene of the arrest and three officers were involved in the search. The defendant refused to consent to a search of her car. Agent Corder and two other officers proceeded to search the car and arrest the defendant.

The defendant filed a motion to suppress. After a hearing, the district court issued a memorandum decision denying the motion. The defendant then entered a Rule 11 conditional guilty plea to both counts of possession of a controlled substance with intent to deliver, reserving her right to appeal.

The district judge found that the search was valid because it fell within the " 'auto-

mobile exception,' and/or a search incident to a lawful arrest."

The law of automobile searches has been called "intolerably confusing" by a United States Supreme Court Justice, and rightfully so. We must determine what constitutes a valid automobile search, and whether those requirements were met.

The defendant asserts that in order to have a valid automobile search there must exist not only probable cause, but also some circumstance requiring immediate action on the part of the police aside from the inherent mobility of a vehicle. In order to address this argument, we must examine the origins of the automobile exception and its evolution.

The automobile exception to a warrantless search was first recognized in the landmark case of *Carroll v. United States*, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925). That case dealt with the seizure of whisky and gin from an automobile during the prohibition years and held that:

> [T]he guaranty of freedom from unreasonable searches and seizures by the Fourth Amendment has been construed, practically since the beginning of the Government, as recognizing a necessary difference between a search of a store, dwelling house, or other structure in respect of which a proper official warrant readily may be obtained and a search of a ship, motor boat, wagon, or automobile, for contraband goods, *where it is not practicable to secure a warrant because the vehicle can be quickly moved out of the locality or jurisdiction in which the warrant must be sought.*

*Carroll,* 267 U.S. at 153, 45 S.Ct. at 285 (emphasis added).

The underlined section is the language that gave rise to the "exigency requirement," which is widely regarded as the other necessary element in a valid automobile search, in addition to probable cause. Just what is considered "exigent circumstances" in the law of vehicle searches has been the topic of a great deal of debate.

*Chambers v. Maroney*, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970), applied the *Carroll* doctrine to a significantly different set of facts. Officers stopped a car and searched the occupants because their description matched the one given of suspects in a gas station robbery. After they were arrested, the car was taken to the police station before it was searched. The Court's discussion of exigency was based on the language in *Carroll,* and held that because the officers had sufficient probable cause to believe that the suspects were involved in the robbery, and because the car was "readily movable," the search was permissible. This rationale was also followed in *Brinegar v. United States,* 338 U.S. 160, 69 S.Ct. 1302, 93 L.Ed. 1879 (1949), and *Husty v. United States,* 282 U.S. 694, 51 S.Ct. 240, 75 L.Ed. 629 (1931).

Following *Chambers,* the United States Supreme Court issued its opinion in *Coolidge v. New Hampshire,* 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971), a case in which the officers did actually get a warrant to search a murder suspect's automobile, but because it was not issued by a neutral and detached magistrate, the warrant was invalid. The Court held that the automobile exception did not apply, because the police knew of the possibility that the car was involved in the murder for some time, and the defendant knew he was a suspect and had had the opportunity to destroy any evidence that might have been found in the car. Here, the car was not "stopped on the highway," as in *Carroll* and *Chambers,* it was parked in the defendant's driveway. The defendant was not transporting contraband, the police were looking for scientific evidence of a murder. In noting the difference between *Carroll* and *Coolidge,* the Court wrote:

> And surely there is nothing in this case to invoke the meaning and purpose of the rule of *Carroll v. United States* —no alerted criminal bent on flight, no fleeting opportunity on an open highway after a hazardous chase, no contraband or stolen goods or weapons, no confederates waiting to move the evidence, not even the inconvenience of a special police detail to guard the immobilized automobile.

*Coolidge,* 403 U.S. at 462, 91 S.Ct. at 2035–36.

The Court held that there was probable cause but no exigent circumstances to justify a search. In so holding, the Court focused on the "significant constitutional difference between stopping, seizing, and searching a car on the open highway, and entering private property to seize and search an unoccupied, parked vehicle not then being used for any illegal purpose." *Coolidge,* 403 U.S. at 463, 91 S.Ct. at 2036, n. 20.

From *Carroll, Chambers,* and *Coolidge,* it appears that the exigency does not arise merely from the inherent mobility of the vehicle, but from the actual possibility that the suspect may, in fact, flee from the police or destroy evidence.

If these cases made up the totality of the law of vehicle searches, we would have to reverse the decision of the trial court, because arguably, it was practicable for the police to obtain a warrant. Jonna Williams was not fleeing from the police; in fact, she didn't even know she was being observed or followed.

It is not apparent why the officers did not secure a warrant. It would seem to have been the most prudent course of action. However, the United States Supreme Court has held this type of conduct to be permissible and not violative of the Fourth Amendment. Thus, we hold that this search was permissible and affirm the conviction.

In *United States v. Ross,* 456 U.S. 798, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982), an informant told the police that an individual known as "Bandit" was selling drugs out of the trunk of his car. The informant gave them the address, described the car, and said that "Bandit" told him there were more drugs in the trunk. The officers, understandably excited, immediately drove to that location, and did indeed find that automobile at that address. "Bandit" was not there, however. The officers returned a few minutes later and saw the vehicle driving away, stopped the defendant, and searched the car where they found powder which was later determined to be heroin.

The United States Supreme Court again focused on the issue of probable cause, and affirming *Carroll,* wrote:

In short, the exception to the warrant requirement established in *Carroll* —the scope of which we consider in this case— applies only to searches of vehicles that are supported by probable cause. In this class of cases, *a search is not unreasonable if based on facts that would justify the issuance of a warrant, even though a warrant has not actually been obtained.*

*Ross,* 456 U.S. at 809, 102 S.Ct. at 2164–65 (emphasis added) (footnotes omitted).

In *State v. Bottelson,* 102 Idaho 90, 625 P.2d 1093 (1981), this Court faced a somewhat similar situation, in that there was "abundant probable cause," and a warrantless search. Two officers were traveling south on State Highway 95 when they noticed an unfamiliar vehicle parked in the driveway of a friend's house. The officers stopped to investigate, and the defendant shut the trunk of the car when he saw the officers approaching. There was a window missing from the house and a door was open. The defendant showed the officer a vehicle registration for a Chrysler, which matched the plates on the car. However, the car on the scene was a Pontiac. The officers told the defendant to open the trunk and inside were items belonging to the residents of the house.

The trial court granted the motion to suppress because it was possible for the police to obtain a search warrant when one of the officers left the scene to get a police car while the other stayed with the defendant. The Idaho Supreme Court reversed that decision, holding:

In light of the renewed emphasis on *Chambers* in the recent cases of *Texas v. White* [423 U.S. 67, 96 S.Ct. 304, 46 L.Ed.2d 209 (1975)], *supra, Arkansas v. Sanders* [442 U.S. 753, 99 S.Ct. 2586, 61 L.Ed.2d 235 (1979)], *supra,* and *Colorado v. Bannister* [449 U.S. 1, 101 S.Ct. 42, 66 L.Ed.2d 1 (1980)], *supra,* it appears that, in the situation presented here, either securing the automobile and then obtaining a warrant, or proceeding with

a warrantless search would have been reasonable under the fourth amendment. *Bottelson,* 102 Idaho at 94, 625 P.2d at 1097.

To be certain, the better course of conduct is to obtain a warrant. However, in light of the authorities cited herein, we hold that there was sufficient probable cause to conduct a search of the defendant's vehicle without first obtaining a warrant. We affirm the decision of the district court.

BAKES, C.J., and JOHNSON and BOYLE, JJ., concur.

BISTLINE, Justice, dissenting.

The district court erred in denying Williams' motion to suppress the evidence found when the police searched her car without a warrant. The district judge ruled that the search was valid because it fell under two exceptions to the Fourth Amendment's warrant requirement, the automobile exception and the search incident to arrest exception. Neither of these exceptions are applicable in this case.

The majority opinion addresses only the automobile exception, believing that it applies in this case. In arriving at this conclusion, the majority decides without saying so that it is no longer necessary for the State to show exigency when attempting to justify a warrantless search under the automobile exception. The opinion relies on *State v. Bottelson,* 102 Idaho 90, 625 P.2d 1093 (1981), which opinion also failed to include a definitive statement as to whether it was purposefully disregarding the exigency requirement.

In *Carroll v. United States,* 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925), the Supreme Court held that a warrantless search of an automobile is permissible if the police have probable cause to believe that the automobile contains contraband or evidence of a crime and that there are present exigent circumstances which require an immediate search and seizure. The Supreme Court forty-six years later again explained the exigency requirement

in *Coolidge v. New Hampshire,* 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971):

As we said in *Chambers, supra,* [399 U.S.], at 50, 90 S.Ct., at 1981, 'exigent circumstances' justify the warrantless search of 'an automobile *stopped on the highway,*' where there is probable cause, because the car is 'movable, the occupants alerted, and the car's contents may never be found again if a warrant must be obtained.' '[T]he opportunity to search is fleeting * * *.' (Emphasis supplied.)

403 U.S. at 460, 91 S.Ct. at 2035.

The exigency requirement has remained vital to this day, as the appellant's brief well documents:

Some have suggested that the case of *United States v. Ross,* 456 U.S. 798, 102 S.Ct. 2157 [72 L.Ed.2d 572] (1982), in effect, dispensed with the 'exigency' requirement, and that the only criterion for the warrantless search of a vehicle is 'probable cause.' However, exigent circumstances were so apparent in *Ross* that the defendant did not raise nor did the court address the issue. The only issue in *Ross* was the scope of a warrantless vehicle search. Furthermore, several post-*Ross* cases have ruled on the issue of warrantless searches by analyzing the presence or absence of 'exigent circumstances.' *California v. Carney,* 471 U.S. 386, 105 S.Ct. 2066 [85 L.Ed.2d 406] (1985); *Welsh v. Wisconsin,* 466 U.S. 740, 104 S.Ct. 2091 [80 L.Ed.2d 732] (1984); *State v. Campbell,* 662 P.2d 1149, 104 Idaho 705 (Idaho App.1983); *State v. Lopez,* [107 Idaho 726], 692 P.2d 370 (Idaho App.1984); *State v. Johnson,* 716 P.2d 1288, 110 Idaho 516 (1986); *State v. Gonzales,* [117 Idaho 518], 789 P.2d 206 (Idaho App.1990).

In *Carney* the court rehearsed the reasoning behind the automobile exception and then stated, 'The capacity to be "quickly moved" was clearly the basis of the holding in *Carroll,* and our cases have consistently recognized ready mobility as one of the *principal bases* of the automobile exception.... The mobility of automobiles, we have observed, "creates circumstances of such exigency

that, as a practical necessity, rigorous enforcement of the warrant requirement is impossible".' (Emphasis added). Appellant's Brief, 22–23.

The majority opinion recognizes that there were no exigent circumstances justifying a warrantless search in this case:

... [A]rguably, it was practicable for the police to obtain a warrant. Jonna Williams was not fleeing from the police; in fact, she didn't even know she was being observed or followed.

120 Idaho at 389, 816 P.2d at 345. The majority to this point is undoubtedly correct as to the quoted language. The police had four days to obtain a search warrant, but inexcusably failed to do so. The defendant was stopped, searched and arrested on March 10. The police had sufficient probable cause to obtain a warrant at the time the informant disclosed the defendant's plans to the police on March 7. On March 8 and 9, the informant again confirmed the defendant's plans to travel to Idaho Falls on March 10. On March 10, the informant called the police at 2:45 p.m. and told the police that the defendant still planned to drive to Idaho Falls. At 6:45 p.m., the informant told the police that the defendant had called from Jerome, and that she was still on the way up and had the drugs in her car. At that point the police still had two-and-a-half to three hours to get a warrant before the defendant arrived in Idaho Falls. As there were no exigent circumstances justifying the warrantless search, the defendant's motion to suppress cannot be denied pursuant to the automobile exception to the warrant requirement.

The second basis relied upon by the district court in denying the motion to suppress, the search incident to arrest exception, is also inapplicable in this case. For there to be a valid search incident to arrest, the search, as a matter of course, must come after the arrest. Agent Corder testified that Jonna was not arrested until after the vehicle was searched and the substances found therein were field tested:

Q. Okay. And I take it that Jonna Williams wasn't arrested until after the search was conducted of the vehicle.

* See, 120 Idaho 252, 815 P.2d 450.

A. After we'd found the methamphetamine inside the car. And it was field tested.

Q. It was after that, that she was arrested?

A. (Nod affirmative.)

Tr., 42. *Because the search came before the arrest,* the search incident to arrest exception cannot be legally employed in this case.

As no valid exception to the warrant requirement of the Fourth Amendment applies under the facts of this case, the Court today should reverse the district court's denial of defendant's motion to suppress.