## COLORADO *v.* BANNISTER

No. 79–1901. Decided October 20, 1980

PER CURIAM.

In the early morning of October 15, 1979, an officer of the Colorado Springs Police Department observed a blue 1967

2

Pontiac GTO automobile moving along a road at a speed above the legal limit. Before the officer could pursue the vehicle, it disappeared from his sight. Shortly thereafter, the officer heard a police radio dispatch reporting that a theft of motor vehicle parts had occurred in the area he was patrolling in his car. The radio dispatch announced that a number of chrome lug nuts were among the items stolen, and provided a description of two suspects. A few minutes after hearing the report, the officer spotted the same automobile he had seen earlier, still speeding. He saw the car enter a service station, and followed it there for the purpose of issuing a traffic citation to its driver.

As the officer approached the car, both of its occupants, including the respondent, stepped out of it. A conversation between the officer and the respondent ensued, just outside the closed front door of the automobile. At this time, the officer observed chrome lug nuts in an open glove compartment located between the vehicle's front bucket seats, as well as two lug wrenches on the floorboard of the back seat. These items were in plain view, illuminated by the lights of the service station. Recognizing that the respondent and his companion met the description of those suspected of stealing motor vehicle parts, the officer immediately arrested both of them. He then seized the lug nuts and wrenches.

Before the date scheduled for his trial on charges of stealing motor vehicle parts, the respondent moved to suppress the items that the arresting officer had seized. The trial court granted the motion, and its decision was affirmed by the Supreme Court of Colorado.[1] The State subsequently filed a petition for certiorari in this Court.

The provisions of the Fourth Amendment are enforceable against the States through the Fourteenth, and it is axiomatic that "searches conducted outside the judicial process, without prior approval by judge or magistrate, are *per se* unreasonable

---

[1] 199 Colo. 281, 607 P. 2d 987 (1980).

under the Fourth Amendment—subject only to a few specifically established and well-delineated exceptions." *Katz* v. *United States,* 389 U. S. 347, 357 (1967). One of these exceptions, recognized at least since *Carroll* v. *United States,* 267 U. S. 132 (1925), exists when an automobile or other vehicle is stopped and the police have probable cause to believe it contains evidence of a crime. See *Arkansas* v. *Sanders,* 442 U. S. 753, 760 (1979). *Carroll* upheld the legality of a search that was conducted immediately after a vehicle was stopped. Since *Carroll,* warrantless searches have been found permissible even when a car was searched after being seized and moved to a police station. *Texas* v. *White,* 423 U. S. 67 (1975); *Chambers* v. *Maroney,* 399 U. S. 42 (1970). In each of these latter cases, the search was constitutionally permissible because an immediate, on-the-scene search would have been permissible. *Texas* v. *White, supra,* at 68; *Chambers* v. *Maroney, supra,* at 52.

At issue in the present case is a seizure that occurred on the scene shortly after a speeding car was stopped. Thus, if there was probable cause "that the contents of the automobile offend against the law," *Carroll, supra,* at 159, the warrantless seizure was permissible.[2]

Probable cause in this case is self-evident. Indeed, the Supreme Court of Colorado acknowledged that there was probable cause, but mistakenly concluded that a warrant was required to open the car door and seize the items within.

The officer could not stop the vehicle the first time he

---

[2] Another factor that contributes to the justification for the absence of a warrant in such a situation is that "the circumstances that furnish probable cause to search a particular auto for particular articles are most often unforeseeable." *Chambers,* 399 U. S., at 50–51. See also *Cardwell* v. *Lewis,* 417 U. S. 583, 595 (1974). This factor applies with particular force in this case. As the reason for the stop was wholly unconnected with the reason for the subsequent seizure, it would be especially unreasonable to require a detour to a magistrate before the unanticipated evidence could be lawfully seized.

detected it speeding, but he accosted it at his next opportunity, when it entered the service station. His subsequent approach to the side of the automobile in order to issue a traffic citation to its driver was entirely legitimate.[3] Standing by the front door of the car, the officer happened to see items matching the description of some of those recently stolen in the vicinity, and observed that the occupants of the car met the description of those suspected of the crime. These circumstances provided not only probable cause to arrest, but also under *Carroll* and *Chambers,* probable cause to seize the incriminating items without a warrant.[4]

The petition for certiorari and the respondent's motion for leave to proceed *in forma pauperis* are granted, the judgment of the Supreme Court of Colorado is vacated, and the case is remanded to that court for proceedings not inconsistent with this opinion.

*It is so ordered.*

---

[3] There can be no question that the stopping of a vehicle and the detention of its occupants constitute a "seizure" within the meaning of the Fourth Amendment. *Delaware* v. *Prouse,* 440 U. S. 648, 653 (1979); *United States* v. *Martinez-Fuerte,* 428 U. S. 543, 556–558 (1976); *United States* v. *Brignoni-Ponce,* 422 U. S. 873, 878 (1975).

[4] The respondent does not dispute that the items seized were illuminated by the lights of the service station, or that they were in the plain view of the officer as he spoke to him beside the front door of the car. There was no evidence whatsoever that the officer's presence to issue a traffic citation was a pretext to confirm any other previous suspicion about the occupants.