The PEOPLE of the State of Colorado, Plaintiff–Appellant,

v.

Edward A. ROMERO, Defendant–Appellee.

No. 88SA56.

Supreme Court of Colorado, En Banc.

Jan. 23, 1989.

Jon Neil Barclay, Dist. Atty., Third Judicial Dist., Maria Kayser, Deputy Dist. Atty., Trinidad, for plaintiff-appellant.

David F. Vela, Colorado State Public Defender, Tad Overturf, Deputy State Public Defender, La Junta, for defendant-appellee.

MULLARKEY, Justice.

The district attorney brought this interlocutory appeal pursuant to C.A.R. 4.1 to challenge the district court's order grant-

ing the defendant Edward A. Romero's (Romero's) motion to suppress evidence which the police seized from his automobile. We reverse because the warrantless search of Romero's automobile comes within the automobile exception to the warrant requirement of the Fourth Amendment.

## I.

Romero was stopped for erratic driving at about 1:00 a.m. on June 14, 1987 by Officer Patricia Fletcher of the Trinidad Police Department. When Officer Fletcher pulled Romero over, she noticed that he seemed to be fumbling with something in the front seat. After calling for backup assistance, Fletcher approached Romero who was seated in the driver's seat. She directed him to show his hands and, using her flashlight, she looked inside the car within an arm's reach of Romero. She saw no weapons or contraband. Romero was arrested for driving under the influence of alcohol after he failed to perform satisfactorily the roadside sobriety maneuvers. Fletcher gave Romero the option of having his car either towed or left locked where it stood in the parking lot of a bar. Romero responded that he wanted the car to remain parked. While Fletcher transported Romero to the police station, her backup, Sergeant Swazo, locked Romero's automobile.

At the police station, Officer Fletcher overheard a conversation between Romero and a bail bondsman named Ike Gonzales regarding posting a bond for Romero's release. When Gonzales refused to accept Romero's car as payment for the cost of the bond, Romero, in a loud whisper, told Gonzales that he had weapons in the car and he would give Gonzales the weapons along with the car for the cost of the bond. Gonzales refused to post the bond and left the station. During the booking process, Romero turned to Fletcher and said, "Lady, if you only knew what I had in that car." Speaking to Sergeant Swazo, Romero made a hand gesture as if he were shooting a gun and said, "I wish I would have done it when I had the chance."

Officer Fletcher knew that Romero was a convicted felon and his statements and gestures caused her to suspect that he had weapons in his car. She obtained Romero's car keys and returned to the parking lot where the car had been left. By shining a flashlight through the window, she was able to see the butt of a gun protruding under the armrest on the front seat. Fletcher unlocked the car and found a handgun under the armrest and an empty holster on the floorboard. She did not remove the items but had the car towed to a city impoundment lot. Subsequently a search warrant was obtained and a handgun, holster and ammunition were seized from the car.

Romero was charged in a three-count information with possession of a weapon by a previous offender in violation of section 18–12–108, 8B C.R.S. (1986), prohibited use of weapons in violation of section 18–12–106, 8B C.R.S. (1986), and driving under the influence in violation of section 42–4–1202(1)(a) and (1)(c), 17 C.R.S. (1984). Romero moved to suppress the evidence seized from his car and, after a hearing, the trial court granted his motion. This interlocutory appeal then followed.

## II.

In the trial court, the district attorney argued that the officer's warrantless entry into the automobile could be justified as an inventory search or, alternatively, as a search within the automobile exception to the warrant requirement of the Fourth Amendment, relying on *Cady v. Dombrowski*, 413 U.S. 433, 93 S.Ct. 2523, 37 L.Ed.2d 706 (1973). The trial court granted the defendant's motion to suppress on the ground that the search did not meet the standards for an inventory search, but it did not consider the applicability of the automobile exception. On appeal, the district attorney concedes that this was not an inventory search but argues that the automobile exception applies. Although the defendant referred to the state constitution as well as the federal constitution in his

motion to suppress, the trial court did not rely on the state constitution in its ruling and, in his appellate brief, Romero relies solely on a decision of the United States Supreme Court, *Michigan v. Long*, 463 U.S. 1032, 103 S.Ct. 3469, 77 L.Ed.2d 1201 (1983). Accordingly, we will resolve this case on the basis of the automobile exception to the Fourth Amendment. *See People v. Inman*, 765 P.2d 577 (Colo.1988).

### A.

█ The trial court held that Officer Fletcher conducted two warrantless searches of Romero's car: first, by shining her flashlight into the car and, second, by entering the car. This analysis is incorrect; Officer Fletcher's observations through the car window were not a search.

As the Supreme Court has noted:

There is no legitimate expectation of privacy shielding that portion of the interior of an automobile which may be viewed from outside the vehicle by either inquisitive passersby or diligent police officers.

*Texas v. Brown*, 460 U.S. 730, 740, 103 S.Ct. 1535, 1542, 75 L.Ed.2d 502 (1983) (plurality opinion) (citations omitted). The fact that a police officer uses a flashlight to look into the car does not cause her viewing to become a search. *United States v. Dunn*, 480 U.S. 294, 305, 107 S.Ct. 1134, 1141, 94 L.Ed.2d 326 (1987) ("[I]t is 'beyond dispute' that the action of a police officer in shining his flashlight to illuminate the interior of a car, without probable cause to search the car, 'trenched upon no right secured ... by the Fourth Amendment.'") (quoting *Texas v. Brown*, 460 U.S. at 739–740, 103 S.Ct. at 1542). In Colorado, it is well-established that "[w]hen an officer legitimately makes an investigatory stop of a vehicle, he may look through a car window and use a flashlight in observing objects lying inside the vehicle." *People v. Henry*, 631 P.2d 1122, 1128 (Colo.1981). *See also People v. Naranjo*, 686 P.2d 1343 (Colo.1984) (contraband discovered when police shined flashlight through car window not sup-

pressed); *People v. Johnson*, 199 Colo. 68, 605 P.2d 46 (1980) (during an investigatory stop, police could shine flashlight into car and were justified in seizing a gun lying in plain view on the floor). Thus, Officer Fletcher did not search Romero's car when she shined her flashlight into the passenger compartment and observed the butt of a handgun under the front armrest.

### B.

Romero contends that Officer Fletcher's warrantless entry into his car violated the Fourth Amendment because it was not justified by exigent circumstances. Under applicable United States Supreme Court case law, however, the police may make a warrantless search of an automobile on probable cause and without exigent circumstances. In *California v. Carney*, 471 U.S. 386, 392, 105 S.Ct. 2066, 2070, 85 L.Ed.2d 406 (1985), the Court stated:

In short, the pervasive schemes of regulation, which necessarily lead to reduced expectations of privacy, and the exigencies attendant to ready mobility justify searches without prior recourse to the authority of a magistrate so long as the overriding standard of probable cause is met.

The Court emphasized that "[u]nder the vehicle exception to the warrant requirement, '[o]nly the prior approval of the magistrate is waived; the search otherwise [must be such] as the magistrate could authorize.'" *Id.* at 394, 105 S.Ct. at 2071 (quoting *United States v. Ross*, 456 U.S. 798, 823, 102 S.Ct. 2157, 2172, 72 L.Ed.2d 572 (1982)). In *United States v. Johns*, 469 U.S. 478, 484, 105 S.Ct. 881, 885, 83 L.Ed.2d 890 (1985), the Court said:

A vehicle lawfully in police custody may be searched on the basis of probable cause to believe it contains contraband, and there is no requirement of exigent circumstances to justify such a warrantless search.

*See also Colorado v. Bannister*, 449 U.S. 1, 3, 101 S.Ct. 42, 43, 66 L.Ed.2d 1 (1980) (automobile exception "exists when an

automobile or other vehicle is stopped and the police have probable cause to believe it contains evidence of a crime."). As summarized by Professor LaFave:

> [U]nder the *Chambers–Carney* [*Chambers v. Maroney*, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970) and *California v. Carney*, 471 U.S. 386, 105 S.Ct. 2066, 85 L.Ed.2d 406 (1985)] line of cases the warrantless search of vehicles on probable cause has been upheld even absent true exigent circumstances, and this is why there can generally be no objection to warrantless entry of a vehicle to seize incriminating objects known to be there.

3 W. LaFave, *Search and Seizure: A Treatise on the Fourth Amendment*, § 7.5(a) at 128–29 (2d ed. 1987). *See also* Katz, *The Automobile Exception Transformed: The Rise of a Public Place Exemption to the Warrant Requirement*, 36 Case W.Res.L.Rev. 375 (1985–86).

Romero also argues that the police could search the car only at the time of his arrest in conformance with the standards of *Michigan v. Long*, 463 U.S. 1032, 103 S.Ct. 3469, and could not return later without a warrant to conduct a search. We do not agree.

In *Long*, the United States Supreme Court held that in the context of an investigative stop of a car and its driver, "the search of the passenger compartment of an automobile, limited to those areas in which a weapon may be placed or hidden, is permissible if the police officer possesses a reasonable belief ... that the suspect is dangerous and the suspect may gain immediate control of weapons." 463 U.S. at 1049, 103 S.Ct. at 3481. The Court in *Long* was careful to note that its holding applied only to searches conducted pursuant to an investigatory stop under the reasonable suspicion standard of *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). *See Long*, 463 U.S. at 1049 n. 14, 103 S.Ct. at 3481 n. 14. This court applied *Long* to an automobile investigatory stop situation in *People v. Cagle*, 688 P.2d 718 (Colo.

1984), and *People v. Cagle*, 751 P.2d 614 (Colo.1988), *appeal dismissed sub nom., Cagle v. Colorado*, —— U.S. ——, 108 S.Ct. 2009, 100 L.Ed.2d 597 (1988). Here, the challenged search of Romero's vehicle did not arise in the context of an investigatory stop. Romero had already been arrested and transported to the police station before the events happened which led the police to believe that a weapon was in the car and before the search occurred. Therefore, *Long* is inapposite and does not support Romero's contention that the police may search a vehicle only at the time of arrest.

■ A search pursuant to the automobile exception "need not occur while the arrestee is still on the scene." 3 W. LaFave, *Search and Seizure: A Treatise on the Fourth Amendment*, § 7.2(d) at 5 n. 142.1 (1989 Supp.). *See also United States v. Johns*, 469 U.S. at 484, 105 S.Ct. at 885 ("There is no requirement that the warrantless search of a vehicle occur contemporaneously with its lawful seizure."); *Cady v. Dombrowski*, 413 U.S. 433, 93 S.Ct. 2523, 37 L.Ed.2d 706 (warrantless search of defendant's car the day after defendant's arrest not unreasonable). The fact that the search was not made incident to the defendant's arrest does not bar a later search as long as the police have probable cause. As the Court stated in *Chambers v. Maroney*, 399 U.S. 42, 52, 90 S.Ct. 1975, 1981, 26 L.Ed.2d 419 (1970):

> For constitutional purposes, we see no difference between on the one hand seizing and holding a car before presenting the probable cause issue to a magistrate and on the other hand carrying out an immediate search without a warrant. Given probable cause to search, either course is reasonable under the Fourth Amendment.

■ The question before us is whether Officer Fletcher acted on probable cause when she made her warrantless search of the car. Plainly, she did. By his words and actions, Romero, a convicted felon, caused the officer to suspect that he had a weapon in his car and that suspicion rip-

ened into probable cause when the officer looked into the car and saw the handle of a gun. Having probable cause, she could enter the car without a warrant. No exigent circumstances were required. The officer's conduct was consistent with her duty to protect the public and did not violate Romero's Fourth Amendment rights. *See Cady v. Dombrowski,* 413 U.S. at 447, 93 S.Ct. at 253 (police justified in conducting "caretaking search" of car trunk because of "concern for the safety of the general public who might be endangered if an intruder removed a revolver from the trunk of the vehicle").

For these reasons, we reverse the trial court's order suppressing the evidence seized from the car and remand the case for further proceedings.

ERICKSON, J., dissents, and KIRSHBAUM, J., joins in the dissent.

ERICKSON, Justice, dissenting:

I respectfully dissent. The majority erroneously focuses on whether the flashlight inspection of Romero's car was a search and misapplies the automobile exception to the search warrant requirement. In my view, the determinative facts center on the circumstances under which the car was secured at the scene of the arrest and the time at which Officer Fletcher acquired probable cause to search the car. Because the police officers secured the car and left it at the scene of the arrest pursuant to an agreement with the defendant, and did not acquire probable cause to believe firearms were in the car until long after the arrest of Romero, there was no exception to the fourth amendment's requirement that a search warrant be obtained. Accordingly, I would affirm the trial court's order suppressing the evidence seized during the illegal search of Romero's car.

The record reveals that after Romero had failed the roadside sobriety tests, he was asked by a police officer whether he wanted his car towed to a lot or secured and left at the scene. Romero replied that he wanted the car left at the scene, so the police locked the car and returned the keys to Romero. When the police secured the car and returned the keys to the defendant, the police abandoned their privilege to conduct a warrantless search of the car's interior under the search incident to arrest or inventory search exception.

When Romero arrived at the police station, the police took possession of Romero's personal property, including his car keys, before he was jailed. While Romero was in jail and trying to arrange bail, Officer Fletcher overheard him tell his bail bondsman that there were firearms in the car. A few minutes later, Romero said to Fletcher, "Lady, if you only knew what I had in that car." It was upon hearing Romero's two statements that Fletcher first acquired probable cause to believe that the car contained firearms. At that time the vehicle was secure at the site of the arrest, as agreed to by the police officers. It was locked, the keys were inventoried in the police property locker, and Romero was in jail.

Upon hearing Romero's statements, Officer Fletcher retrieved Romero's car keys from the property locker and returned to the scene of the arrest. Once there, Fletcher performed a flashlight inspection of the car's interior and noticed what appeared to be the butt of a pistol partially hidden under an arm rest. Fletcher radioed her discovery to a police sergeant and requested a tow truck be sent to tow the vehicle back to the city pound. While Fletcher was waiting for the tow truck, she unlocked the car to "prepare an inventory incidental to the tow." Fletcher testified that she did so in order to have a record of the car's contents. Romero contends that Fletcher's inspection and entry into the car without a warrant violated his fourth amendment rights.

A warrantless search of a vehicle is *per se* unreasonable under the fourth amendment unless the search falls within one of the recognized exceptions to the warrant requirement. *See Colorado v. Bannister,*

449 U.S. 1, 101 S.Ct. 42, 66 L.Ed.2d 1 (1980); *Katz v. United States*, 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967). The district attorney argues that the search in this case falls within the automobile exception to the warrant requirement. The majority agrees and holds that because Fletcher had probable cause, a warrant was not required to search the car.

Where there is probable cause to search a car, the automobile exception to the warrant requirement permits a search without a warrant. The majority cites *California v. Carney*, 471 U.S. 386, 105 S.Ct. 2066, 85 L.Ed.2d 406 (1985), *United States v. Johns*, 469 U.S. 478, 105 S.Ct. 881, 83 L.Ed.2d 890 (1985), *Colorado v. Bannister*, 449 U.S. 1, 101 S.Ct. 42, 66 L.Ed.2d 1 (1980), and *Chambers v. Maroney*, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970), as support for its assertion that the automobile exception is applicable to the present case. *See* maj. op. at 1227, 1228. The cases cited involve situations in which the police had probable cause at the time of the arrest to search the vehicle. Here, Fletcher did not acquire probable cause to search for a firearm in Romero's car until long after the initial stop of Romero. This fact distinguishes this case from the circumstances of *Carney, Johns, Bannister*, and *Chambers.*

When Fletcher acquired probable cause through the events that occurred at the station house and by her observation of the butt of the pistol in the car, a search warrant should have been obtained. The police could have secured the site and should have obtained a warrant before searching the car. They secured the car and left it at the site to protect Romero's possessions in the car. The automobile exception does not apply, and the police were required to obtain a warrant before searching Romero's car.

The police could have performed an inventory search of the car immediately after the arrest without first obtaining a warrant under *Bannister.* They elected not to. Rather, they secured the car and returned the keys to Romero, and thus waived their privilege under the inventory exception to search the car without first securing a search warrant.

Accordingly, I would affirm the district court order suppressing the evidence seized in the search of Romero's car.

I am authorized to say that Justice KIRSHBAUM joins in this dissent.