986 F.2d 1431
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Donald Wayne YOUNG, Sr., Defendant-Appellant.
 No. 92-2066.
 United States Court of Appeals, Tenth Circuit.
 Dec. 21, 1992.
 
 Before LOGAN and PAUL KELLY, Jr., Circuit Judges, and BROWN, District Judge.
 ORDER AND JUDGMENT*
 PAUL KELLY, Jr., Circuit Judge.
 
 
 1
 Defendant-appellant Donald Wayne Young, Sr. appeals the district court's denial of his motion to suppress certain physical evidence as well as his statements to police. Mr. Young entered a conditional plea of guilty to bank robbery, in violation of 18 U.S.C. § 2113(a), reserving his right to appeal. Our jurisdiction arises under 28 U.S.C. § 1291 and we affirm.
 
 Background
 
 2
 On May 31, 1991, a man presented a note to a bank teller threatening to use a gun and directed her to place money in an envelope. After the teller complied, the man took the envelope and walked out of the bank.
 
 
 3
 A description of the bank robber was relayed on a police broadcast and, within fifteen minutes, Officer Nunez spotted Mr. Young approximately 2,500 feet away from the bank. Mr. Young matched the description and he abruptly changed the direction he was walking when he saw the police unit.
 
 
 4
 Officer Nunez contacted other officers and requested that they stop Mr. Young. The suspect appeared nervous when he was stopped, visibly shaking and continuously licking his lips. One officer noted that an envelope was partially hidden in Mr. Young's pants. As the officer patted him down, Mr. Young made an aggressive movement of some type, as if trying to keep the officer from discovering the envelope. The officer retrieved the envelope, which contained a large amount of money. Mr. Young was arrested after the officers confirmed by radio that the robber had placed the money in an envelope.
 
 Discussion
 
 5
 In reviewing the denial of a motion to suppress, this court accepts the district court's findings of fact unless clearly erroneous and considers all evidence in a light most favorable to the government. United States v. McAlpine, 919 F.2d 1461, 1463 (10th Cir.1990). Appellant argues that the police officers had no articulable suspicion, let alone probable cause, to stop him. We find that the trial court correctly concluded that probable cause existed and denied the motion to suppress evidence.
 
 
 6
 General descriptions, either of a getaway car or of suspects, may support probable cause for warrantless arrests, Colorado v. Bannister, 449 U.S. 1, 4 (1980); United States v. Miller, 532 F.2d 1335, 1337 (10th Cir.), cert. denied, 429 U.S. 839 (1976), and may also give rise to reasonable suspicion for Terry stops, United States v. Ferreira, 821 F.2d 1, 4-5 (1st Cir.1987). In Miller, the court summarized: "The cases hold that a general description of either the getaway car or the suspects is a sufficient basis for the existence of probable cause." Miller, 532 F.2d at 1338 (citations omitted).
 
 
 7
 The suspect was described on a police dispatch immediately after the robbery as a clean-shaven black male, medium build, approximately 5'9" to 5'11" with long, shoulder-length, black hair which was slicked back. Mr. Young matched that description and was in very close proximity to the bank. In addition, the officers observed Mr. Young's abrupt change in direction. United States v. Turpin, 920 F.2d 1377, 1385 (8th Cir.1990), cert. denied, 111 S.Ct. 1428 (1991).
 
 
 8
 At the very least, given these factors, there was reasonable suspicion to stop and investigate Mr. Young. From that vantage point, officers gathered additional clues which supported probable cause to arrest Mr. Young. See Sibron v. New York, 392 U.S. 40, 66-67 (1968) ("[D]eliberately furtive actions and flight at the approach of ... law officers are strong indicia of mens rea, and when coupled with specific knowledge on the part of the officer relating the suspect to the evidence of crime, they are proper factors to be considered in the decision to make an arrest.") Mr. Young was visibly shaking and moved his arm in an aggressive manner during the frisk. These facts, in addition to the factors which led to the initial stop, constitute probable cause for arrest. Because probable cause to arrest arose sometime prior to the seizure of the envelope, the cases relating to seizures during Terry -type stops are inapposite.
 
 
 9
 Finally, appellant argues that the police officer that stopped him, Officer Putnam, was simply acting on orders from another officer, Officer Nunez, and did not develop his own particularized suspicion. This circuit has adopted the "fellow officer rule", whereby the Officer Putnam is "deemed to have whatever knowledge" Officer Nunez or other officers may have possessed at the time. United States v. Morgan, 936 F.2d 1561, 1569 (10th Cir.1991), cert. denied, 112 S.Ct. 1190 (1992); Karr v. Smith, 774 F.2d 1029, 1032 (10th Cir.1985).
 
 
 10
 Accordingly, the district court is AFFIRMED.
 
 
 11
 The Honorable Wesley E. Brown, Senior United States District Judge for the District of Kansas, sitting by designation.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3