UNITED STATES of America, Plaintiff,

v.

Thomas C. HILL, Defendant.

Crim.A. No. 93–10033–01.

United States District Court, D.Kansas.

May 26, 1993.

Kim Fowler, Asst. U.S. Atty., Wichita, KS, for plaintiff.

G. Edmond Hayes, Wichita, KS, for defendant.

## MEMORANDUM AND ORDER

BELOT, District Judge.

This matter is before the court on the motion of defendant to suppress evidence. The court received briefs, held a hearing on the matter, and is now prepared to rule.

### I. *Findings of Fact*

On March 24, 1993, at approximately 11:50 p.m., Patrol Officer Shawn Noblitt of the Wichita Police Department attempted to stop a Chevrolet El Camino for failure to signal a turn. The El Camino did not immediately stop, but continued for about two blocks, during which it pulled over two or three times to the curb, almost to a stop. The officer noticed no safety harness extending from either the driver or the passenger nearest the window, which led the officer to conclude that they were not wearing safety belts.

The officer approached the driver's side of the vehicle and asked for a driver's license. Beside the driver were two passengers, and defendant was the passenger nearest the window. The driver stated that he had no license, but later stated that he had an Oklahoma driver's license. During this time, Officer Noblitt instructed the passengers to keep their hands where he could see them, but the passengers—and in particular defendant—continued to refuse to comply with these instructions. At one point, defendant reached for the window, which was rolled down about 6 inches. Officer Noblitt believed he recognized defendant from a previous domestic disturbance call, and also believed he had read or heard defendant's name on the "interwatch bulletin" within the Wichita Police Department.

After questioning the driver, the officer went around to the passenger side. The officer informed defendant that he was going to issue defendant a traffic citation for failure to wear a safety belt, and he instructed defendant to get out of the car. Officer Noblitt testified that he wanted to separate defen-

dant from the other passenger and driver because defendant had refused to place his hands where the officer could see them. As defendant was getting out of the car, he informed the officer that he had a gun in his waistband. The officer told defendant to place his hands on the hood of the car. In the process of handcuffing and disarming defendant, defendant turned, and a baggie containing a white substance fell to the ground. A subsequent laboratory analysis of the substance tested positive for cocaine base. The officer led defendant back to the patrol car, where a police observer riding with the officer told the officer that she had seen a second bag thrown from the car. The officer found a second baggie, containing cocaine base, 4 to 5 feet behind the patrol car.[1]

## II. Argument and Analysis

■ Defendant does not challenge the initial stop of the vehicle. As noted, Officer Noblitt observed the vehicle fail to use its turn signal before making a turn, and further observed that at least some of the occupants were not wearing safety belts. The violation of a traffic law provides sufficient grounds for stopping an automobile. *E.g., United States v. Horn,* 970 F.2d 728, 731 (10th Cir. 1992) (reasonable suspicion that automobile had no front license plate, plus observation that driver was not wearing safety belts). Defendant argues, however, that the officer had grounds to detain only the driver of the vehicle, but not defendant. According to defendant, because Officer Noblitt had no legitimate reason to order defendant out of the car, defendant's statement that he had a gun, as well as the cellophane bag that defendant dropped while turning around to face the car, must be suppressed as fruit of the poisonous tree.

■ Although an ordinary traffic stop is a "seizure" within the meaning of the Fourth Amendment, such a stop is a limited seizure and is more akin to an investigative *Terry* detention than a custodial arrest. *United States v. Walker,* 933 F.2d 812, 815 (10th Cir.1991), *cert. denied,* —— U.S. ——, 112 S.Ct. 1168, 117 L.Ed.2d 414 (1992). As such, the court's task is to determine "'whether

the officer's action was justified at its inception, and whether it was reasonably related in scope to the circumstances which justified the interference in the first place.'" *Id.* (quoting *Terry v. Ohio,* 392 U.S. 1, 20, 88 S.Ct. 1868, 1879, 20 L.Ed.2d 889 (1968)).

In *Pennsylvania v. Mimms,* 434 U.S. 106, 98 S.Ct. 330, 54 L.Ed.2d 331 (1977) (per curiam), the Court held that a police officer may routinely order a driver out of his vehicle once that vehicle has been lawfully detained for a traffic violation. Balancing the interests involved, the Court reasoned that ordering the driver out of a lawfully stopped vehicle is only a de minimis additional intrusion upon the driver's personal liberty, while the "inordinate risk confronting an officer as he approaches a person seated in an automobile" represents a legitimate and weighty concern of the State. 434 U.S. at 110–11, 98 S.Ct. at 333. *See also United States v. Henning,* 906 F.2d 1392, 1396 (10th Cir.1990), *cert. denied,* 498 U.S. 1069, 111 S.Ct. 789, 112 L.Ed.2d 852 (1991).

Defendant correctly notes, however, that the specific holding of *Mimms* applied only to drivers, not passengers, of automobiles. "The courts are not in agreement as to whether the *Mimms* reasoning also applies to a passenger in a stopped vehicle." 2 W. LaFave, *Search and Seizure* § 5.2(h), at 469 (1987).

■ The court need not address whether police officers may routinely request passengers to exit a vehicle lawfully stopped for a traffic violation, for Officer Noblitt had independent reasons for detaining defendant and even for ordering him out of the car. *See United States v. Hensley,* 469 U.S. 221, 235, 105 S.Ct. 675, 683, 83 L.Ed.2d 604 (1985) (arrest of passenger after lawful stop was legal when officers observed evidence in plain view giving probable cause to believe passenger had committed a crime). Officer Noblitt had reasonable grounds to suspect that defendant had not been wearing a safety belt, which permitted him to approach the side of the automobile to issue defendant a traffic citation. *See Colorado v. Bannister,* 449 U.S. 1, 4, 101 S.Ct. 42, 43, 66 L.Ed.2d 1 (1980).

1. As the court understands it, defendant does not — seek suppression of this second abandoned bag.

Thus, the detention of defendant was justified initially.

 Moreover, because the safety concern underlying the Court's holding in *Mimms* was the "inordinate risk confronting an officer as he approaches a person *seated* in an automobile," 434 U.S. at 110, 98 S.Ct. at 333 (emphasis added), Officer Noblitt could arguably have ordered defendant out of the car merely for the purpose of issuing a citation—regardless of any specific facts justifying his concern for safety. Officer Noblitt, however, did have legitimate concerns for his safety. Defendant had repeatedly refused to place his hands where they could be seen. In addition, Officer Noblitt believed he recognized defendant from a previous domestic disturbance call, and further believed defendant's name was on the Wichita interwatch bulletin. An officer who lawfully approaches a stopped vehicle may order both the driver and the passenger out of the car if the officer possess specific articulable facts justifying a concern for his safety. *See United States v. King,* 990 F.2d 1552, 1561 (10th Cir.1993) (although defendants lawfully possessed apparently loaded pistol, officer was justified in separating driver and passenger from weapon); *see also United States v. Trimble,* 986 F.2d 394, 397–98 (10th Cir.1993) (officer could briefly detain and question passenger of an automobile lawfully stopped for a traffic violation, where passenger began to walk away and officer recognized passenger as someone he had previously arrested), *petition for cert. filed* Apr. 30, 1993. Because the officer could lawfully approach defendant in order to issue a traffic citation, and because the officer could remove defendant from the vehicle out of a legitimate concern for safety, the detention of defendant was justified at its inception and was reasonably related in scope to the circumstances which justified the interference in the first place.

 This much being said, there is no question as to the admissibility of the subsequent statement and tangible evidence. The detention of a defendant for an ordinary traffic violation is in the nature of a *Terry* stop, and does not require the prophylactic *Miranda* warnings attaching to a full scale arrest. *Berkemer v. McCarty,* 468 U.S. 420, 440, 104 S.Ct. 3138, 3150, 82 L.Ed.2d 317 (1984). Defendant's volunteered statement that he had a gun is thus admissible and provided the officer with legitimate grounds to arrest defendant for possession of a concealed weapon. In addition, under the plain view doctrine, an officer may seize evidence that falls from the possession of a person lawfully detained. *United States v. Wright,* 932 F.2d 868, 877 (10th Cir.), *cert. denied,* —— U.S. ——, 112 S.Ct. 428, 116 L.Ed.2d 448 and —— U.S. ——, 112 S.Ct. 450, 116 L.Ed.2d 467 (1991). Thus, the baggie that fell from defendant's possession is likewise admissible.

Accordingly, the court denies the motion of defendant to suppress (Doc. 23).

**IT IS SO ORDERED.**