56 F.3d 78
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff--Appellee,
v.
David Andrew GREEN, Defendant--Appellant.
 No. 94-4185.
 United States Court of Appeals, Tenth Circuit.
 June 2, 1995.
 
 Before TACHA, BRORBY, and HENRY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 Defendant David Allen Green was charged with possessing marijuana with intent to distribute in violation of 21 U.S.C. 841(a)(1). He filed a motion to suppress evidence, which the district court denied. Defendant then entered a conditional guilty plea to the offense charged, preserving his right to appeal the denial of his motion. The district court sentenced him to sixty months of incarceration. We have jurisdiction under 28 U.S.C. 1291, and we affirm.
 
 
 2
 * On December 7, 1992, defendant was travelling eastbound on Interstate 70 in a pickup truck with Jeffrey Fleming. Near Green River, Utah, they passed the patrol car of Officer Richard Graham of the Emery County Sheriff's Office. Graham pulled onto the highway and followed the truck for roughly six miles. According to his testimony at the suppression hearing, Graham observed the truck "crowd" the emergency line, drift to the center line, and then swerve into the emergency lane. Graham pulled the truck over to investigate whether the driver was impaired.
 
 
 3
 As Graham approached the vehicle on foot, he noticed what appeared to be two or three bales of marijuana through the side window of the camper shell. Graham then drew his weapon, ordered defendant and Fleming out of the vehicle, and told them that they were under arrest for possession with intent to distribute a controlled substance. Emery County officers later searched the vehicle and found 492 pounds of marijuana.
 
 
 4
 Defendant was charged with possessing marijuana with intent to distribute. He moved to suppress the marijuana seized in the search of the truck. The district court held an evidentiary hearing on April 14 and May 12, 1993, and denied defendant's motion by written order February 15, 1994. In August 1994, defendant pled guilty to the offense charged while reserving his right to appeal the denial of his motion to suppress. He now appeals.
 
 II
 
 5
 On appeal from the denial of a motion to suppress evidence, we review the factual determinations made by the district court for clear error, and we view the evidence in the light most favorable to the government. United States v. Bell, 892 F.2d 959, 965 (10th Cir.1989), cert. denied, 496 U.S. 925 (1990). A factual determination is clearly erroneous only if there is no factual support in the record or if we are "left with the definite and firm conviction that a mistake has been made." LeMaire v. United States, 826 F.2d 949, 953 (10th Cir.1987).
 
 
 6
 We also apply the clearly erroneous standard to a district court's determination that there existed reasonable suspicion to support a traffic stop. United States v. Walker, 941 F.2d 1086, 1090 (10th Cir.1991), cert. denied, 502 U.S. 1093 (1992). The ultimate question of whether the stop of a vehicle comports with the Fourth Amendment, however, is a legal issue, which we review de novo. United States v. Lyons, 7 F.3d 973, 975 (10th Cir.1993).
 
 
 7
 Defendant contends that Officer Graham's stop of the vehicle violated the Fourth Amendment's protection against unreasonable searches and seizures. Graham testified at the suppression hearing that he saw defendant's truck "crowd" the emergency line, drift to the center line, and then swerve back into the emergency lane. The district court accepted Graham's account of the events, concluding "that defendant['s] truck did in fact weave sharply into the emergency lane as Officer Graham testified." Defendant does not challenge these factual findings. Rather, he contends that the stop was nonetheless unconstitutional because Graham's asserted reason for stopping the vehicle was pretextual.
 
 
 8
 A traffic stop, such as the one at issue in this case, constitutes a seizure for purposes of the Fourth Amendment. Colorado v. Bannister, 449 U.S. 1, 4 n. 3 (1980); United States v. McSwain, 29 F.3d 558, 561 (10th Cir.1994). Consequently, "the detaining officer must have an objectively reasonable articulable suspicion that a traffic violation has occurred or is occurring before stopping the automobile." United States v. Soto, 988 F.2d 1548, 1554 (10th Cir.1993). In this case, Officer Graham observed defendant's truck drift to the center line and then swerve into the emergency lane. The district court concluded that this created a reasonable suspicion that the driver was impaired.
 
 
 9
 We find that the district court's determination of reasonable suspicion was not clearly erroneous. Utah Code Ann. 41-6-44 makes it a crime for an individual to operate a motor vehicle while under the influence of alcohol, and section 41-6-44.6 criminalizes driving under the influence of a controlled substance. The facts recited by Graham constitute objective, articulable reasons for an officer to reasonably suspect that the driver of the truck was in some way impaired. The only question, then, is whether Officer Graham's stopping of the truck to investigate whether the driver was impaired was merely a pretext for a hunch that the vehicle contained narcotics.
 
 
 10
 A stop is pretextual "when the police use a legal justification to make the stop in order to search a person or place, or to interrogate a person, for an unrelated serious crime for which they do not have the reasonable suspicion necessary to support the stop." United States v. Guzman, 864 F.2d 1512, 1515 (10th Cir.1988). As this court observed in Guzman, the "classic example" of a pretextual stop "occurs when an officer stops a driver for a minor traffic violation in order to investigate a hunch that the driver is engaged in illegal drug activity." Id.
 
 
 11
 Our inquiry into whether a particular stop was pretextual is objective; the officer's subjective intent is irrelevant. Lyons, 7 F.3d at 975. At the same time, it is not enough that the officer could have validly stopped the vehicle. United States v. Dirden, 38 F.3d 1131, 1139 (10th Cir.1994). Instead, the question is "whether under the same circumstances a reasonable officer would have made the stop in the absence of the invalid purpose.' " Guzman, 864 F.2d at 1517 (quoting United States v. Smith, 799 F.2d 704, 709 (11th Cir.1986)).
 
 
 12
 In assessing whether a reasonable officer would have made the stop, we turn to the general practices of law enforcement officers in the same jurisdiction. United States v. Martinez, 983 F.2d 968, 972 (10th Cir.1992), cert. denied, 113 S.Ct. 2372 (1994). If officers routinely stop cars for the violation cited by the officer, "then th[e] stop was not unconstitutionally pretextual at its inception, even if [the officer] subjectively hoped to discover contraband during the stop." Guzman, 864 F.2d at 1518. But if officers only rarely stop cars for the same violation, then the stop must have been based on "a suspicion that could not constitutionally justify the stop." Id.
 
 
 13
 In this case, the allocation of the burden of proof is dispositive. The defendant "bears the burden of proving that a legally sufficient basis asserted as justification for a search or seizure was pretextual." United States v. Maestas, 2 F.3d 1485, 1491 (10th Cir.1993). Consequently, to show pretext, a defendant must at a minimum introduce some evidence indicating that the officer deviated from regular practice in the jurisdiction. See United States v. Greenspan, 26 F.3d 1001, 1005 (10th Cir.1994) (holding that "if there is a lack of evidence on the issue of the police's policies, defendant bears the risk").
 
 
 14
 Defendant has failed to meet this burden here. Although defendant repeatedly asserts that a reasonable officer would not have stopped defendant's vehicle, he does not point to any evidence in the record showing that Officer Graham's decision to stop the truck deviated from the general practice of officers in his jurisdiction. Cf. Greenspan, 26 F.3d at 1005 (holding that defendant did not show pretext because he "offered no evidence to show that a reasonable New Mexico State Police officer would not have stopped a person traveling nine miles over the posted speed limit absent some ulterior reason"). Without such evidence, we must conclude that Graham stopped the vehicle for the asserted reason--to investigate whether the driver was impaired.
 
 III
 
 15
 In sum, Officer Graham had reasonable suspicion to stop the truck, and defendant has failed to demonstrate that the stop was pretextual. The order of the district court denying defendant's motion to suppress evidence is therefore AFFIRMED.
 
 
 
 [1]
 After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed. R.App. P. 34(f); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470.