Mark FIGETAKIS, Plaintiff–Appellant,

v.

CITY OF CUYAHOGA FALLS; John Conley, Captain; Jack Davis, Lieutenant; Mark Enos, Officer; Joe Orsine, Officer; City of Akron; J.E. Lamm, Officer; Scott Thomas, Officer, Defendants–Appellees.

No. 03–3727.

United States Court of Appeals, Sixth Circuit.

Aug. 18, 2004.

Rehearing En Banc Denied Nov. 22, 2004.

Mark Figetakis, Akron, OH, pro se.

Bruce H. Christensen, Jr., Patricia A. Rubright, City of Akron, Department of Law, Akron, OH, Paul J. Cristallo, Mazanec, Raskin & Ryder, Cleveland, OH, for Defendants–Appellees.

Before KEITH, MARTIN, and ROGERS, Circuit Judges.

### ORDER

Mark Figetakis, an Ohio resident, appeals pro se the summary judgment for defendants in a civil rights action he filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary damages, Figetakis filed, through counsel, a complaint against two Ohio municipalities and several police officers, alleging that, on August 19, 1999, his car had been towed in violation of his Fourth Amendment rights, and he had been falsely imprisoned in violation of his constitutional rights and state tort law. Defendants moved for summary judgment, and Figetakis responded. The district court granted summary judgment to defendants, and this appeal followed. Defendants also filed a cross-appeal, which has since been voluntarily dismissed.

Upon review, we conclude that summary judgment for defendants was proper in this case, because Figetakis failed to make a showing on essential elements of his case on which he bore the burden of proof. *DePiero v. City of Macedonia,* 180 F.3d 770, 776 (6th Cir.1999). The record shows that, in May of 1999, a man in a convertible struck another vehicle in Cuyahoga Falls, Ohio, and left the scene of the accident. A witness reported the license plate number of the vehicle, which was registered to Figetakis for a convertible. After Figetakis rebuffed several attempts by police to discuss the incident, he was finally located at his restaurant in Akron, and his car was found in a public lot across the street. The convertible had collision damage. The Cuyahoga Falls police informed Figetakis that his car was going to be towed. He became irate and threatened to ram his car into the police cruiser that was blocking it. Akron police were called to backup. Eventually, the car was towed and Figetakis returned to his restaurant. Analysis of the paint from the car did not sustain the suspicion that it had been involved in the May hit and run, and it was returned to Figetakis.

■ Figetakis failed to show that his car was seized in violation of the Fourth Amendment, because a warrantless seizure is appropriate where there is probable cause to associate an automobile with criminal activity. *Autoworld Specialty Cars, Inc. v. United States,* 815 F.2d 385, 389 (6th Cir.1987). In his brief, Figetakis repeatedly cites *Cardwell v. Lewis,* 417 U.S.

583, 94 S.Ct. 2464, 41 L.Ed.2d 325 (1974), in which a four-vote plurality of the Supreme Court upheld the constitutionality of a warrantless seizure of an automobile and of the examination of its exterior at a police impoundment area after the car had been removed from a public parking lot. Four justices dissented, but they relied on the fact that the owner, and the keys to the car, were "securely within police custody," such that movement of the car was not likely during the time necessary to obtain a search warrant. 417 U.S. at 598, 94 S.Ct. 2464 (Stewart, J., dissenting). That was not the case here. In any event, the *Cardwell* plurality has been cited with approval by the Supreme Court by subsequent majority opinions. *E.g., New York v. Class,* 475 U.S. 106, 112–13, 106 S.Ct. 960, 89 L.Ed.2d 81 (1986); *Colorado v. Bannister,* 449 U.S. 1, 3 n. 2, 101 S.Ct. 42, 66 L.Ed.2d 1 (1980). *Cardwell* thus supports affirmance in this case. Clearly, on the record here, the police had probable cause to believe that the car had been involved in a hit and run, and did not violate the Fourth Amendment.

■ The claim of false imprisonment in violation of the Constitution and state tort law is meritless. Figetakis failed to make a showing that a reasonable person would have believed he was not free to leave the parking lot at the time his car was towed. *See DePiero,* 180 F.3d at 789; *United States v. Richardson,* 949 F.2d 851, 855–56 (6th Cir.1991). The police officers never told Figetakis that he could not leave, only that he could not take his car, which was going to be towed. He was at all times free to leave, and eventually did so.

■ Moreover, the district court also properly found that, in the alternative, the defendant police officers were entitled to qualified immunity, because officers of reasonable competence could disagree whether any rights were being violated. *Waters v. City of Morristown,* 242 F.3d 353, 361

(6th Cir.2001). Because defendants raised the defense of qualified immunity, Figetakis was required to present facts establishing a violation of clearly established law, which he failed to do. *Mitchell v. Forsyth,* 472 U.S. 511, 526, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985).

■ Finally, the defendant municipalities were entitled to summary judgment because Figetakis failed to show any violation of his constitutional rights, *City of Los Angeles v. Heller,* 475 U.S. 796, 799, 106 S.Ct. 1571, 89 L.Ed.2d 806 (1986), and because Figetakis failed to show that the municipalities had any unconstitutional policy. *Bills v. Aseltine,* 958 F.2d 697, 708 (6th Cir.1992).

For all of the above reasons, the summary judgment for defendants is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.