United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 11, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————

No. 05-51563
Summary Calendar

———————

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

RACHEL ANAYA-SANCHEZ

Defendant-Appellant

———————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:05-CR-102-2

———————

Before KING, DAVIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Rachel Anaya-Sanchez appeals the denial of her motion to suppress evidence that she maintains was obtained in violation of her Fourth Amendment rights. We affirm.

Anaya-Sanchez was arrested after a United States Border Patrol agent found tape-wrapped bundles of marijuana in plain view between the front seats of a truck that she and her sister had stationed alongside a public highway outside of Big Bend National Park only minutes earlier. Based on the agent's

———

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

seizure of this contraband, a search was conducted of the rest of the cab of the truck, and of its flatbed, revealing a total of approximately 1,750 pounds of marijuana being transported by the two women. The truck did not belong to Anaya-Sanchez or her sister and had been entrusted to them only hours earlier.

We agree with the district court that there was no violation of Anaya-Sanchez's constitutional rights, but we pretermit consideration of the question whether the agent had consent to search the vehicle and the question whether the seizure of the narcotics was the result of an illegal detention. The plain-view doctrine suffices to justify the seizure of the contraband in this case. It is undisputed that the truck was already parked and that Anaya-Sanchez and her sister were off in the brush a short distance from it when the agent arrived on the scene. Nor is it disputed that the scene was a public one, alongside a national highway.

That which a person knowingly exposes to the public is not a subject of Fourth Amendment protection. Cardwell v. Lewis, 417 U.S. 583, 591 (1974). The rationale of the plain-view doctrine is that there is no invocation of a legitimate expectation of privacy "and thus no search within the meaning of the Fourth Amendment" when contraband left in open view is observed by a police officer from a lawful vantage point. Minnesota v. Dickerson, 508 U.S. 366, 375 (1993) (internal quotation marks omitted). If his presence is lawful, a police officer may not only "seize any evidence in plain view," he may also "take further action supported by any consequent probable cause." Georgia v. Randolph, 547 U.S. 103, 126 S. Ct. 1515, 1525 (2006). Probable cause exists if the officer has a reasonable belief that a vehicle contains "that which by law is subject to seizure and destruction." Carroll v. United States, 267 U.S. 132, 149 (1925).

As with the in-plain-view stolen goods in the car in Colorado v. Bannister, 449 U.S. 1, 2 (1980), "[p]robable cause in this case is self-evident." The bundles of marijuana on display between the truck's seats themselves established all the probable cause needed to seize them. Consequently, no "warrant was required

to open the . . . door and seize the items within." Id.; see also United States v. Rogers, 719 F.2d 767, 771 (5th Cir. 1983) (policeman seeing packages of marijuana in plain view in automobile had probable cause to seize them from defendant "[c]aught red-handed").

The agent had every right to be where he was, and nothing that Anaya-Sanchez said to him or did in his presence revealed the evidence. The evidence revealed itself, right where Anaya-Sanchez and her sister had left it--on display for the world to see at any time. Additionally, the probable cause that made entry into the cab legitimate also justified the search of the flatbed and the seizure of the narcotics found there. See United States v. Ross, 456 U.S. 798, 825 (1982) ("If probable cause justifies the search of a . . . vehicle, it justifies the search of every part of the vehicle and its contents that may conceal the object of the search").

Finally, the arrest of Anaya-Sanchez was proper. Because the Border Patrol was entitled to seize marijuana left available for public viewing in a vehicle that she and her sister had occupied and controlled only minutes earlier, and as there was no suggestion of any intervening use of that vehicle by others, there was probable cause to believe that Anaya-Sanchez had committed the crime of possessing the contraband. Compare United States v. Hensley, 469 U.S. 221, 235 (1985) (police entitled to arrest passenger when evidence in plain view in vehicle suggested that he had committed crime).

The district court correctly denied Anaya-Sanchez's motion to suppress, and her conviction is AFFIRMED.