# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 15, 2008

Charles R. Fulbruge III
Clerk

No. 07-50644
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

DEMARCUS LAMONT RHODES,

Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:06-CR-111-ALL

Before WIENER, GARZA, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Demarcus Lamont Rhodes appeals his conviction for possessing with intent to distribute cocaine base and possessing a firearm during a drug-trafficking crime. Rhodes argues that the trial court erred by denying his motion to suppress evidence discovered by authorities during a lawful traffic stop. The district court found that Rhodes consented to the search of the car and, alternatively, that the evidence was admissible under the plain view doctrine.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Rhodes does not dispute that a clear plastic bag containing smaller bags of cocaine base was in plain view on the floor of his car, but he argues that the incriminating nature of the bag was not "immediately apparent" because one testifying officer stated that "[he] wasn't sure what was in it behind the front passenger seat." However, probable cause is all that is required to invoke the plain view doctrine. Arizona v. Hicks, 480 U.S. 321, 326 (1987). Although one testifying officer was "not certain" what was in the bag, based on his training and experience and the other surrounding circumstances, the officer reasonably "believe[d] it was crack cocaine." Certainty as to the incriminating nature of the contents of the clear plastic bag was not required. See Texas v. Brown, 460 U.S. 730, 741 (1983) (plurality opinion) ("[T]he use of the phrase 'immediately apparent' was very likely an unhappy choice of words, since it can be taken to imply that an unduly high degree of certainty as to the incriminatory character of evidence is necessary for an application of the 'plain view' doctrine."). Having carefully reviewed all of the evidence, including a photograph of the bag in question, we conclude that the district court did not clearly err in holding that the search and seizure in this case was permissible under the plain view doctrine. See Colorado v. Bannister, 449 U.S. 1, 2–3 (1980).

AFFIRMED.