

# Fourth Court of Appeals
## San Antonio, Texas

### DISSENTING OPINION

Nos. 04-22-00727-CR, 04-22-00728-CR

The **STATE** of Texas,
Appellant

v.

Erik **RODRIGUEZ**,
Appellee

From the 226th Judicial District Court, Bexar County, Texas
Trial Court No. 2021-CR-0735
Honorable Velia J. Meza, Judge Presiding

Opinion by:    Lori I. Valenzuela, Justice
Dissenting Opinion by: Patricia O. Alvarez, Justice

Sitting:        Patricia O. Alvarez, Justice
               Liza A. Rodriguez, Justice
               Lori I. Valenzuela, Justice

Delivered and Filed: April 17, 2024

I respectfully disagree with the majority's assessment of Detective Jackson's probable cause to seize Erik Rodriguez's phone. The opinion places excessive emphasis on the phone's registered number. The result reflects what the United States Supreme Court predicted when it lamented the term "immediately apparent" in *Texas v. Brown* as "an unhappy choice of words, since it can be taken to imply that an unduly high degree of certainty as to the incriminatory character of evidence is necessary for an application of the 'plain view' doctrine." *Tex. v. Brown*, 460 U.S. 730, 741 (1983).

Based on the record, I conclude that the evidentiary value of the phone in Rodriguez's hand was "immediately apparent," i.e., that Detective Jackson had probable cause to believe that the phone in Rodriguez's hand contained incriminating evidence of his illegal transaction with Gonzalez. First, Detective Jackson knew from her investigation that Rodriguez had texted with Gonzalez about providing confidential police information and that he had received $100 from Gonzalez via CashApp. Second, Rodriguez only had one phone number on file with the police department. Third, it made sense that the phone Rodriguez carried with him out of his morning roll call would be his personal phone.

As stated in *Riley*, which was published a decade ago when smart phones were perhaps even less relied upon than they are now, "According to one poll, nearly three-quarters of smart phone users report being within five feet of their phones most of the time, with 12% admitting that they even use their phones in the shower." *Riley v. California*, 573 U.S. 373, 395 (2014). The *Riley* court even characterized the modern cell phone as being akin to an appendage: "such a pervasive and insistent part of daily life that the proverbial visitor from Mars might conclude they were an important feature of human anatomy." *Id*. at 385.

There are several cases in which proximity and investigatory context have amounted to probable cause for this type of seizure. *See LopezGamez v. State*, 622 S.W.3d 445, 457 (Tex. App.—Fort Worth 2020, pet. ref'd); *Waldrup v. State*, No. 09-21-00154-CR, 2023 WL 5949436, at *17 (Tex. App.—Beaumont Sept. 13, 2023, pet. filed) (mem. op., not designated for publication); *State v. Merendino*, No. 04-19-00096-CR, 2019 WL 4453741, at *2 (Tex. App.— San Antonio Sept. 18, 2019, pet. ref'd) (mem. op., not designated for publication); *King v. State*, No. 03-17-00276-CR, 2018 WL 5728765, at *5 (Tex. App.—Austin Nov. 2, 2018, pet. ref'd) (mem. op., not designated for publication); *Cruse v. State*, No. 01-13-00077-CR, 2014 WL

3607250, at \*3 (Tex. App.—Houston [1st Dist.] July 22, 2014, pet. ref'd) (mem. op., not designated for publication) (citing *Minnesota v. Dickerson*, 508 U.S. 366, 375 (1993).

In *Cruse*, for example, the investigating officer had probable cause to seize the phone from a suspect's person (proximity) when he "had been advised that [Cruse] had taped himself having sex with [the minor victim] and it was told to [them] that multiple individuals had photographed it" (investigatory context). *Cruse*, 2014 WL 3607250, at \*3.

The same is true and perhaps easier to accept in more traditional examples of plain view seizure. *See, e.g.*, *Brown*, 460 U.S. at 741 (citing *Colorado v. Bannister*, 449 U.S. 1, 3–4 (1980)). In *Colorado v. Bannister*, a patrol officer noticed that the occupants of an automobile matched a description of persons suspected of a theft and that auto parts in the open glove compartment of the car similarly resembled ones reported stolen. *See id*. He had no more specific knowledge, but based on the context of the investigation, the Court held that the plain view seizure was appropriate. *See id*.

The majority cites *Arizona v. Hicks* in support of their conclusion that Detective Jackson's seizure of Rodriguez's phone did not fit the plain view doctrine, but *Arizona v. Hicks* is no whitehorse. *See Arizona v. Hicks*, 480 U.S. 321 (1987). In *Hicks*, the hinge point was an illegal search that occurred when an officer picked up a stereo turntable to view and record its serial number. *See id*. at 327–28. The plain view doctrine could not justify the search, because there was nothing about the turntable that immediately revealed its evidentiary value, not even background investigatory information like the *Bannister* officer had or like Detective Jackson had in the instant case. *See id*. This case is distinguishable from *Hicks*. *See id*.

The majority also begins its analysis with Detective Jackson's concession that the initial warrant application to seize Rodriguez's phone was "short on probable cause." But the problem of Detective Jackson's deficient warrant application is completely different and separate from the

trial court's conclusion that Detective Jackson lacked adequate probable cause to seize Rodriguez's phone based on the plain view doctrine. Detective Jackson's initial warrant application stated the following as her probable cause to seize Rodriguez's phone:

> During the Investigation of SAPD21006519, it was discovered the Defendant received information about the Investigative details on the case from the Owner of the above cell phone. The Owner of the above listed cell phone gained access to the investigative information due to his position and employment and caused undue harm to the Victim as a result of the information transferred.

The warrant application's probable cause language is basically impenetrable and fails to convey what Detective Jackson knew when she seized Rodriguez's phone, i.e., that to see Rodriguez's phone was to know that it contained evidence of his illegal transaction with Gonzalez. *See Cruse v. State*, No. 01-13-00077-CR, 2014 WL 3607250, at *3.

As Detective Jackson told the trial court, she learned Rodriguez's identity from investigating Gonzalez's texts. The function of Rodriguez's phone number was to identify him, not to identify the registered number of his cell phone before she seized it. Based on Detective Jackson's investigation, she had probable cause to seize any phone she saw in Rodriguez's possession when he met her at the police substation. *See id*. The trial court was wrong to conclude otherwise.

When it comes to phones, courts are understandably cautious about their magical wardrobe properties. *See Riley*, 573 U.S. at 396. But seizing a cell phone can be a lawful way to maintain the status quo during a criminal investigation and should be court-sanctioned when there is a legal basis for it. *See, e.g., id*. at 388. Here, the majority rejected the plain view legal basis, concluding that the second prong (probable cause) was not met. It is unclear what phone the majority thinks Rodriguez was carrying with him from roll call, but based on the facts before us, Detective Jackson

had probable cause to seize Rodriguez's phone.  As a result, the trial court should have denied the suppression of the State's evidence.

For these reasons, I respectfully dissent.

Patricia O. Alvarez, Justice

DO NOT PUBLISH