740 So.2d 200 (1999)
STATE of Louisiana
v.
Paul A. JAMES
No. 98 KA 2348.
Court of Appeal of Louisiana, First Circuit.
June 25, 1999.
*201 Walter P. Reed, D. A., Covington, for State of Louisiana.
Dorothy Pendergast, Metairie, for State of Louisiana.
Jerry L. Fontenot, Covington, for Defendant-Appellant.
Before: CARTER, C.J., SHORTESS and WHIPPLE, JJ.
SHORTESS, J.
Paul A. James (defendant) was charged by bill of information with possession with the intent to distribute cocaine within 1,000 feet of property used for school purposes. La. R.S. 40:967 A(1) and 40:981.3. He pled not guilty. Defendant filed a motion to suppress the physical evidence. After a hearing, the trial court granted defendant's motion. The State filed a writ application in this court seeking review of the trial court's ruling on the motion to suppress. This court granted the writ and reversed the district court's ruling that had granted the motion to suppress. See State v. James, 97-2790 (La.App. 1st Cir.1/22/98). Defendant's application for writs to the Louisiana Supreme Court was denied. See State v. James, 98-0428 (La.3/27/98), 716 So.2d 893.
Subsequently, pursuant to a plea agreement, the State amended the charge to possession with intent to distribute cocaine, La. R.S. 40:967 A(1), and deleted that portion charging defendant with a violation of controlled dangerous substance law within 1,000 feet of property used for school purposes. Defendant withdrew his former plea and pled guilty, pursuant to State v. Crosby, 338 So.2d 584 (La.1976), reserving his right to appeal pre-trial rulings. The trial court sentenced defendant to ten years at hard labor.
Defendant filed his original brief with this court alleging two assignments of error. In his rebuttal brief, defendant withdrew his second assignment of error related to the ruling on his motion to quash. Defendant's sole remaining assignment of error relates to the denial of his motion to suppress the physical evidence.

FACTS
At the hearing on the motion to suppress, St. Tammany Parish Sheriff Deputy John Lapueble testified that around 10:45 a.m. on May 17, 1997, he was dispatched to the "In and Out" store in Slidell. The store's owner had called to complain that a man was selling narcotics in the parking lot. The owner also related a description of the man and his clothing. Lapueble, who was patrolling alone, was already familiar with the store from the numerous narcotics arrests he had made in the parking lot. Lapueble also testified he had made over 300 stops involving narcotics. On over 100 of those occasions he found crack cocaine or other drugs encased in film canisters; the containers he saw used most often were black film canisters, matchboxes, and plastic bags.
Lapueble further testified that when he arrived, he saw defendant, who fit the description given by the store's owner. He approached defendant and asked his purpose in the parking lot. Defendant responded he was allowing his "old dog [to] take a break under the tree towards the back side of the building." Lapueble became suspicious and conducted a "pat *202 down" of defendant for safety reasons. When he patted the left front pants pocket, Lapueble felt an object he believed was a film canister. He reached into the pocket and removed and shook the canister. As Lapueble was opening the film canister, defendant fled and was eventually apprehended. Cocaine, discovered inside the canister, was seized. At the hearing, parties stipulated that defendant did not have any photographic equipment in his possession.
In granting the motion to suppress, the trial court found Lapueble went beyond the scope of the Terry"stop and frisk" when he shook and opened the canister. Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). This court, in granting the State's application for supervisory writs, stated in pertinent part:

WRIT GRANTED.... As the district court determined, the officer had probable cause to believe the suspect had committed a crime and the item seized contained contraband. State v. Curtis, 96-1408 (La.App. 4th Cir.10/2/96); 681 So.2d 1287.
On remand, the trial court vacated its original ruling granting the motion to suppress.
In his assignment of error, defendant contends the denial of his motion to suppress physical evidence was erroneous. In his brief, defendant concedes the initial stop was valid but argues that the patdown and subsequent search of the film canister were not conducted for safety reasons and that the seized canister was not immediately apparent as contraband.
The State contends that because the issue was addressed in a ruling on a pre-trial writ application, the principle of "law of the case" precludes review of this issue on appeal. The "law of the case" doctrine embodies the rule that an appellate court ordinarily will not reconsider its own rulings of law in the same case. Day v. Campbell-Grosjean Roofing & Sheet Metal Corp., 260 La. 325, 330, 256 So.2d 105, 107 (1971); Sharkey v. Sterling Drug, Inc., 600 So.2d 701, 705 (La.App. 1st Cir.), writs denied, 605 So.2d 1099, 1100 (La. 1992). The policy applies against those who were parties to the case when the former appellate decision was rendered and who thus had their day in court. State v. Junior, 542 So.2d 23, 27 (La.App. 5th Cir.), writ denied, 546 So.2d 1212 (La. 1989). We note that in this matter, however, the former decision was rendered when we exercised our supervisory, not appellate, jurisdiction. Nevertheless, judicial efficiency demands that this court accord great deference to its pretrial decisions on admissibility, unless it is apparent, in light of the subsequent trial record, that the determination was patently erroneous and produced an unjust result. See State v. Humphrey, on rehearing, 412 So.2d 507, 523 (La.1981); State v. Wilkerson, 96-1965 p. 6 (La.App. 1st Cir.11/07/97), 704 So.2d 1, 5, writ denied, 97-3038 (La.4/3/98), 717 So.2d 646. For these reasons, we are not precluded from reviewing defendant's assigned error.
The Fourth Amendment to the United States Constitution and Article I, Section 5, of the Louisiana Constitution protect people against unreasonable searches and seizures. Subject only to a few well-established exceptions, a search or seizure conducted without a warrant issued upon probable cause is constitutionally prohibited. State v. McHugh, 92-1852, pp. 4-5 (La.1/6/94), 630 So.2d 1259, 1262. Once a defendant makes an initial showing that a warrantless search or seizure occurred, the burden of proof shifts to the State to affirmatively show it was justified under one of the narrow exceptions to the rule requiring a search warrant. La. C.Cr.P. art. 703(D).
The right of law enforcement officers to stop and interrogate one reasonably suspected of criminal conduct, however, is recognized by Louisiana Code of Criminal Procedure article 215.1, as well as both federal and state jurisprudence. Terry, 392 U.S. 1, 88 S.Ct. 1868, 20 *203 L.Ed.2d 889; State v. Ducre, 604 So.2d 702, 706 (La.App. 1st Cir.1992). Reasonable cause for an investigatory detention is something less than probable cause and must be determined under the facts of each case by whether the officer had sufficient knowledge of facts and circumstances to justify an infringement on the individual's right to be free from governmental interference. The right to make an investigatory stop and question the particular individual detained must be based upon reasonable cause to believe he has been, is, or is about to be engaged in criminal conduct. The totality of the circumstances must be considered in determining whether reasonable cause exists. In order to assess the reasonableness of an officer's conduct, it is necessary to balance the need to search or to seize against the harm of invasion. Ducre, 604 So.2d at 706.
In this case, there was no doubt the officer had a reasonable suspicion to frisk defendant. The store owner related a description of a man selling illegal narcotics outside the front of the store. Defendant fit the description of this man, and Lapueble knew the store was a location of previous drug transactions. As noted in State v. Curtis, 96-1408 (La.App. 4th Cir. 10/2/96), 681 So.2d 1287, 1289-1292, drug traffickers and users have a violent lifestyle and are generally armed due to the nature of their illicit business. Thus, a police officer should be permitted to frisk a suspect who reasonably appears to be dealing drugs. Having determined there were reasonable grounds to conduct a frisk of defendant's person, we must next consider whether Lapueble exceeded the scope of his authority when he opened the film canister.
One of the exceptions to the search-warrant requirement is the plainview exception. Traditionally, three requirements had to be satisfied for a warrantless seizure to fit the plain-view exception: (1) there must be prior justification for an intrusion into the protected area; (2) in the course of which evidence is inadvertently discovered; and (3) it must be immediately apparent without close inspection that the items are evidence or contraband. State v. Hernandez, 410 So.2d 1381, 1383 (La.1982); State v. Williams, 588 So.2d 1239, 1242 (La.App. 1st Cir.1991), writ denied, 592 So.2d 1333 (La.1992). The inadvertent-discovery requirement has since been deleted from the plain-view doctrine. See Horton v. California, 496 U.S. 128, 137, 141, 110 S.Ct. 2301, 110 L.Ed.2d 112 (1990); State v. Williams, 588 So.2d at 1242 n. 3. We have already determined the officer had reasonable cause to stop and frisk defendant and in doing so, discovered the film canister. Thus, only the third, or "immediately apparent," requirement of the plain-view doctrine is at issue.
Seizures of contraband may be warranted under the limited "plain feel" exception to the warrant requirement recognized by the United States Supreme Court in Minnesota v. Dickerson, 508 U.S. 366, 375-376, 113 S.Ct. 2130, 124 L.Ed.2d 334 (1993). In that case, the Supreme Court ruled that officers may seize contraband detected by touch during a pat-down search if the search remains within the bounds of a Terry pat-down search. The Supreme Court stated:
Under [the plain view] doctrine, if police are lawfully in a position from which they view an object, if its incriminating character is immediately apparent, and if the officers have a lawful right of access to the object, they may seize it without a warrant. See Horton v. California, 496 U.S. 128, 136-137, 110 S.Ct. 2301, 2307-2308, 110 L.Ed.2d 112 (1990); Texas v. Brown, 460 U.S. 730, 739, 103 S.Ct. 1535, 1541-1542, 75 L.Ed.2d 502 (1983) (plurality opinion). If, however, the police lack probable cause to believe that an object in plain view is contraband without conducting some further search of the objecti.e., if "its incriminating character [is not] `immediately apparent,'" Horton, supra, 496 U.S., at 136, 110 S.Ct., at 2308, 110 L.Ed.2d *204 112the plain-view doctrine cannot justify its seizure. Arizona v. Hicks, 480 U.S. 321, 107 S.Ct. 1149, 94 L.Ed.2d 347 (1987).
We think that this doctrine has an obvious application by analogy to cases in which an officer discovers contraband through the sense of touch during an otherwise lawful search. The rationale of the plain-view doctrine is that if contraband is left in open view and is observed by a police officer from a lawful vantage point, there has been no invasion of a legitimate expectation of privacy and thus no "search" within the meaning of the Fourth Amendmentor at least no search independent of the initial intrusion that gave the officers their vantage point.... The same can be said of tactile discoveries of contraband. If a police officer lawfully pats down a suspect's outer clothing and feels an object whose contour or mass makes its identity immediately apparent, there has been no invasion of the suspect's privacy beyond that already authorized by the officer's search for weapons; if the object is contraband, its warrantless seizure would be justified by the same practical considerations that inhere in the plain-view context.
Minnesota v. Dickerson, 508 U.S. at 375, 113 S.Ct. 2130.
Defendant argues the film canister was not immediately apparent as contraband and thus was not warranted under the plain-feel exception. He further cites several Louisiana cases that he contends support this argument. Two of these cases involve the seizures and searches of matchboxes; the court found the seizures and searches of these boxes were not justified because they did not feel like contraband during the pat-downs.[1]See State v. Parker, 622 So.2d 791 (La.App. 4th Cir.), writ denied, 627 So.2d 660 (La.1993); State v. Jackson, 26,138 (La.App.2d Cir.8/17/94), 641 So.2d 1081.
Defendant also argues this case is distinguishable from State v. Curtis, the fourth circuit case cited by this court in the writ decision reversing the trial court's ruling that granted the motion to suppress. Defendant contends that in Curtis, the suspect's attempt to reach his lower right leg, the area in which he found the cigarette package containing the contraband, supplied facts to support the search of the cigarette package.
The immediately-apparent requirement was clarified and explained in Texas v. Brown, 460 U.S. 730, 103 S.Ct. 1535, 75 L.Ed.2d 502 (1983). That case involved the seizure of a green balloon filled with heroin after a vehicle stop. The Supreme Court upheld the seizure under the plainview doctrine and explained that the origin of the phrase "immediately apparent" in Coolidge v. New Hampshire, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971), was an "unhappy choice of words, since it can be taken to imply that an unduly high degree of certainty as to the incriminatory character of evidence is necessary for an application of the `plain view' doctrine." Texas v. Brown, 460 U.S. at 741, 103 S.Ct. 1535. The Court referred to Colorado v. Bannister, 449 U.S. 1, 101 S.Ct. 42, 66 L.Ed.2d 1 (1980), in which probable cause justified a seizure of certain items. The Court also noted that the Bannister case:
was merely an application of the rule, set forth in Payton v. New York, 445 U.S. 573, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980), that "[t]he seizure of property in plain view involves no invasion of privacy and is presumptively reasonable, assuming that there is probable cause to associate the property with criminal activity." *205 Id., 445 U.S. at 587, 100 S.Ct. at 1380 (emphasis added). We think this statement of the rule from Payton, supra, requiring probable cause for seizure in the ordinary case, is consistent with the Fourth Amendment and we reaffirm it here.
Texas v. Brown, 460 U.S. at 741-742, 103 S.Ct. 1535 (footnote omitted).
In Brown, the officer's experience in narcotics arrests provided him with knowledge that balloons were frequently used to carry drugs. This knowledge supported the officer's finding of probable cause to believe the balloon contained an illicit substance. Thus, the seizure was determined to be valid under the plain-view exception to the warrant requirement even though the officer could not determine immediately by sight that the contents inside the balloon were contraband. Id. 460 U.S. at 742-744, 103 S.Ct. 1535.
In this case, Lapueble was unable to see inside the film canister, but he determined that in his experience, it was likely to contain illegal drugs. In over 100 previous stops involving suspicion of narcotics, Lapueble had found drugs encased in a film canister. He then opened the canister to verify his suspicion. Under the totality of circumstances, Lapueble had probable cause to believe the film canister was concealing contraband, thus justifying the search of the canister and the seizure of the contents.
Hence, the requirements of the plainfeel and plain-view doctrines are satisfied, and the search and seizure of the cocaine was valid. See State v. Curtis, 96-1408, p. 10, 681 So.2d at 1292. Therefore, the trial court did not err in denying defendant's motion to suppress.
For the above reasons, the assignment of error lacks merit.
CONVICTION AND SENTENCE AFFIRMED.
NOTES
[1] Compare State v. Stevens, 95-501, p. 2 (La. App. 5th Cir. 3/26/96), 672 So.2d 986, 987, which determined that, given the right circumstances, a matchbox can be immediately recognizable as something containing illegal drugs, and State v. Hill, 618 So.2d 568, 570 (La.App. 2d Cir.1993), in which the court found that the fact that the seized object was a matchbox (which is commonly used to carry illegal drugs) can be considered in assessing a police officer's probable cause to believe that the object contained contraband.