23CA2029 Peo v Medina 02-05-2026

COLORADO COURT OF APPEALS

Court of Appeals No. 23CA2029
Huerfano County District Court No. 22CR137
Honorable J. Clay McKisson, Judge

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Emilio Medina,

Defendant-Appellant.

JUDGMENT AFFIRMED

Division I
Opinion by JUDGE J. JONES
Lum and Meirink, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced February 5, 2026

Philip J. Weiser, Attorney General, Jacey DeHoyos, Assistant Attorney General, Denver, Colorado, for Plaintiff-Appellee

Megan A. Ring, Colorado State Public Defender, Joseph Paul Hough, Deputy State Public Defender, Denver, Colorado, for Defendant-Appellant

¶ 1     Defendant, Emilio Medina, appeals the district court's judgment of conviction entered on jury verdicts finding him guilty of three counts of possession with intent to manufacture or distribute a controlled substance and one count each of possession of an illegal weapon, possession of a prohibited large-capacity magazine, and a special offender charge.  We affirm.

## I.     Background

¶ 2     Huerfano County Sheriff's Department Deputy Derek Guess saw Medina's SUV parked at a highway-side truck stop at 5:30 one morning.  Medina was slumped over the steering wheel.  Deputy Guess wasn't sure if he was breathing.  Concerned that Medina was experiencing a potential medical emergency, Deputy Guess drove into the truck stop and activated his emergency lights.

¶ 3     Medina started to get out of the SUV.  Deputy Guess asked Medina if he was okay.  Medina said he was.  But Medina appeared "really, really nervous."  As Medina got out of the SUV, he dropped a "tiny blue straw-like material," which Deputy Guess believed to be a "tooter" — something "used for the consumption of narcotics."

¶ 4     Medina walked in front of Deputy Guess's vehicle and told him that he was nervous because there was a warrant out for his arrest.

At that point, Deputy Guess got Medina's name and date of birth and asked the dispatcher to confirm whether there was a warrant for Medina's arrest. Deputy Guess told Medina he was being detained (but wasn't under arrest), handcuffed him, and placed him in his patrol vehicle (at Medina's request) while waiting for confirmation of the arrest warrant. The dispatcher confirmed the existence of the warrant.

¶ 5 Deputy Guess asked Medina if there was anything illegal in the SUV. Medina said there wasn't. Deputy Guess also asked Medina if he consented to a search of the SUV. Medina said he didn't.

¶ 6 Deputy Guess returned to Medina's SUV to take another look at the "tiny blue, straw-like material." He confirmed that it was a tooter. (The tooter was about six inches long.)

¶ 7 Believing the tooter gave him probable cause, Deputy Guess searched the SUV and found a loaded gun and a small container with blue pills inside (which he believed to be fentanyl). At the subsequent hearing on Medina's motion to suppress, Deputy Guess testified, "I requested a tow truck to come and pick up the vehicle because I was fearful that either somebody can come and drive the

2

vehicle or evidence could be lost or destroyed or anything like that. So I stayed with the . . . vehicle until the tow truck got there." He also testified that the SUV appeared operable and he didn't know whether Medina had been with anyone else that day or whether anyone else had keys for the SUV. He said he was concerned that someone might drive off with the evidence. A tow truck arrived and took the SUV to an impound lot while Deputy Guess took Medina to the local jail. Deputy Guess also searched the SUV at the impound lot, without obtaining a warrant.

¶ 8 Substances found in Medina's SUV tested positive for fentanyl, heroin, and methamphetamine. (Some of the narcotics, more guns, ammunition, and drug paraphernalia were found after a court issued a search warrant.)

¶ 9 Before trial, Medina's counsel moved to suppress the evidence seized during Deputy Guess's warrantless searches because the searches violated the Fourth Amendment's guarantee against unreasonable searches and seizures. At the hearing on the motion, the district court heard Deputy Guess's testimony and argument from counsel. The court denied Medina's motion in a written order.

¶ 10    A jury found Medina guilty of the charges noted above.  The district court sentenced him to a controlling sentence of twelve years in the custody of the Department of Corrections.

## II.    Discussion

¶ 11    Medina's sole contention on appeal is that the district court reversibly erred by denying his motion to suppress evidence gathered from his SUV because that evidence was obtained as a result of two illegal searches.  We conclude that the court properly denied the motion.

### A.    Standard of Review

¶ 12    "[R]eview of a district court's order regarding a defendant's motion to suppress involves 'a mixed question of law and fact.'" *People v. Allen*, 2019 CO 88, ¶ 13 (quoting *People v. Threlkel*, 2019 CO 18, ¶ 15).  "We defer to the district court's factual findings and do not disturb them if they are supported by competent evidence in the record.  But we review de novo the district court's legal conclusions." *Id.* (citation omitted).

### B.    Governing Law

¶ 13    "Under both the United States and Colorado Constitutions, people have the right to be free from unreasonable searches and

seizures." *People v. Furness*, 2025 CO 16, ¶ 16 (first citing U.S. Const. amend. IV; and then citing Colo. Const. art. II, § 7). "Warrantless searches 'are per se unreasonable under the Fourth Amendment — subject only to a few specifically established and well-delineated exceptions.'" *Id.* (quoting *Katz v. United States*, 389 U.S. 347, 357 (1967)). The automobile exception is one such exception: It "authorizes an officer to perform a search of an automobile if he has 'probable cause to believe that the automobile contains evidence of a crime.'" *Allen*, ¶ 16 (quoting *People v. Zuniga*, 2016 CO 52, ¶ 14).

¶ 14    "[T]he test for probable cause 'does not lend itself to mathematical certainties,' and instead calls for 'consideration of any and all facts that a reasonable person would consider relevant to a police officer's belief that contraband or evidence of a crime is present.'" *Furness*, ¶ 28 (first quoting *Mendez v. People*, 986 P.2d 275, 280 (Colo. 1999); and then quoting *Zuniga*, ¶ 16). "If probable cause justifies the search of a lawfully stopped vehicle, it justifies the search of every part of the vehicle and its contents that may conceal the object of the search." *United States v. Ross*, 456 U.S. 798, 825 (1982).

## C.    Analysis

¶ 15    Medina contends that the warrantless searches were illegal because (1) there was no probable cause to believe that his SUV contained evidence of a crime and (2) the circumstances didn't create a practical risk that his SUV might be unavailable if a search was postponed until a warrant was obtained.

### 1.    Probable Cause

¶ 16    Deputy Guess saw Medina slumped over his steering wheel at 5:30 in the morning.  He was concerned there was a medical emergency.  When Medina got out of his SUV, the tooter fell out. Deputy Guess testified that, based on his training and experience, "a tooter is a small cylindrical item used for the ingestion of narcotics."  Deputy Guess also testified that Medina appeared very nervous throughout the encounter.

¶ 17    Considering the totality of the circumstances, *see Zuniga,* ¶ 16, we conclude that Deputy Guess had probable cause to believe that the SUV contained evidence of possession of drugs; the circumstances suggested that Medina had very recently used drugs in the SUV.  *Cf. People v. Verigan,* 2015 COA 132, ¶ 15 (police officers had probable cause to search under the automobile

6

exception where they saw a used marijuana pipe with burnt material in the car), *aff'd on other grounds*, 2018 CO 53.

¶ 18    *People v. McCarty*, 229 P.3d 1041 (Colo. 2010), on which Medina relies, is distinguishable.  In that case, police officers saw a glass pipe in its original packaging in a car.  Because the pipe hadn't been used, and there were no other indicia of recent drug use, there was no probable cause to search the car.  *Id.* at 1046. But Medina's condition when Deputy Guess confronted him and his demeanor when he got out of the SUV, along with the facts the tooter fell out of the car when Medina got out and wasn't in any packaging, could lead a reasonable person to believe that Medina had recently used drugs in the SUV.

### 2.    There Is No Exigency Requirement

¶ 19    Medina next contends that we must reverse because, when Deputy Guess searched the SUV, there was no "practical risk that the vehicle might be unavailable" later.  He relies primarily on *People v. Thiret*, 685 P.2d 193 (Colo. 1984), *abrogated on other grounds by*, *People v. Begay*, 2014 CO 41.  *Thiret* articulated a two-part test for the automobile exception: "(1) there is probable cause to believe that [the vehicle] contains evidence of a crime; and (2) the

7

circumstances create a practical risk of the vehicle's unavailability if the search is postponed until a warrant is obtained." *Id.* at 202 (quoting *People v. Meyer*, 628 P.2d 103, 106 (Colo. 1981)).

¶ 20    But, under the current state of the law, "the police may make a warrantless search of an automobile on probable cause and without exigent circumstances." *People v. Romero*, 767 P.2d 1225, 1227 (Colo. 1989) (citing *California v. Carney*, 471 U.S. 386, 392 (1985)). That is because "[t]he automobile exception 'does not have a separate exigency requirement: "If a car is readily mobile and probable cause exists to believe it contains contraband, the Fourth Amendment . . . permits police to search the vehicle *without more*.""" *Furness*, ¶ 17 (emphasis added) (quoting *Allen*, ¶ 32; in turn quoting *Maryland v. Dyson*, 527 U.S. 465, 467 (1999)); *see Pennsylvania v. Labron*, 518 U.S. 938, 940 (1996) (probable cause is

all that's required under the automobile exception; an automobile's "ready mobility" justifies the search without a warrant).[1]

¶ 21    *Thiret* and other cases articulating the requirement that the People prove a "practical risk that the vehicle might be unavailable" have been implicitly abrogated by subsequent Supreme Court case law, as more recent decisions by the Colorado Supreme Court seem to have recognized.  *See, e.g., Furness,* ¶ 17; *People v. Smith,* 2022 CO 38, ¶ 28 ("Although the automobile exception requires probable cause, it does not require exigent circumstances."); *Allen,* ¶ 32; *People v. Bailey,* 2018 CO 84, ¶ 18; *Zuniga,* ¶ 14; *see also People v. Gamboa-Jimenez,* 2022 COA 10, ¶ 52.  We are, of course, bound by the more recent precedent.  *People v. Washington,* 2014 COA 41, ¶ 25; *see also id.* at ¶ 26 (we are bound by the United States Supreme Court's decisions on matters of federal law).

---

[1] It is undisputed that Medina's SUV was readily mobile.  We also reject Medina's contention that the searches would only be justified if he was within reaching distance of the subject items when the searches occurred.  The cases on which he relies, *Arizona v. Gant,* 556 U.S. 332 (2009), and *People v. Kessler,* 2018 COA 60, involved the search incident to arrest exception, not the automobile exception.

¶ 22    Because we have already concluded that Deputy Guess had probable cause to search the SUV without a warrant, and there is no dispute that the SUV was readily mobile, the district court didn't err by denying Medina's motion to suppress.

## III.   Disposition

¶ 23    The judgment is affirmed.

JUDGE LUM and JUDGE MEIRINK concur.